# SUPREME COURT

## OF

# ILLINOIS.

## THIRD GRAND DIVISION.

### APRIL TERM, 1866.

THE TOLEDO, PEORIA AND WARSAW RAILWAY COMPANY

*v.*

ROBERT RUMBOLD.

1. FENCING RAILROADS — *negligence.* Where two railroad companies are using the same line of road, one company being the owner, and the other company using the road by its permission, the company owning the track is liable for damages done, by reason of an unfenced track, by the trains of the other company, the same as if done by its own trains.

2. And it seems, that, in such a case, the company by whose train the stock was killed, is also liable therefor, for presuming to use the road of another company fenceless and unprotected.

APPEAL from the County Court of Livingston county; Hon. JONATHAN DUFF, Judge, presiding.

This was an action on the case, brought 26th May, 1865, by Robert Rumbold against the Toledo, Peoria and Warsaw Railway Company, to recover damages for the killing of a mare and two colts, by a locomotive and train on the track of said railroad company.

At the June Term, 1864, the railroad company made a motion for a continuance, based on an affidavit, which alleged that by means of certain absent witnesses, the company could prove that the stock was killed by a train of the Illinois Central Railroad company. The motion was overruled.

The cause was tried before a jury at the June Term, 1865. The evidence shows that said animals were killed 24th September, 1864, by a train probably belonging to the Illinois Central Railroad company. For the plaintiff the court gave the following instruction, to the giving of which the company excepted:

" Although the jury may believe from the evidence that the injury to, and killing of plaintiff's said animals, was directly caused by an engine and train run and operated on defendant's road by the Illinois Central Railroad company and its servants, by consent or permission of defendant, and that such injury was not caused by the willful acts of the servants of the said Illinois Central Railroad company, still the defendants are liable for the injury; and, in law, so far as the rights of the plaintiff are concerned, the train and servants of the said Illinois Central Railroad company, so run on defendant's road, were the train and servants of defendant."

The jury found a verdict in favor of Rumbold for $250, and the court rendered a judgment thereon. From that judgment the company appealed. The main question in the case was whether the Toledo and Peoria company were liable for stock killed by the trains of the Illinois Central company, while running over their track.

Messrs. INGERSOLLS and PUTERBAUGH, for the appellant.

Messrs. FLEMING and PILLSBURY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought in the Livingston County Court by Robert Rumbold, against the Toledo, Peoria and Warsaw Railway Company, for damages in killing a mare

and two colts by the trains and locomotives moving upon that road. The accident was alleged to have occurred in consequence of the road not being fenced.

A motion was made by the company to continue the cause on account of the absence of material witnesses who were in charge of the train by which the animals were killed, and by whom they could prove that they were killed by a train operated by the Illinois Central Railroad company. The affidavit, in all respects conforms to the requirements of the statute as to diligence, etc., but we do not think the liability of the appellants would be affected or changed by the testimony desired. The gist of the action is negligence in not fencing the road as the statute requires, and if the fact was that a train of the Illinois Central road was moving on appellants' road, unfenced as it was, the former company would be deemed the servants and agents of appellants, and this from motives of public policy and to protect the property of the people and public. It was the duty of appellants to have fenced the road, and public safety demands they should be held liable for all damages resulting from the neglect to fence it. And the same policy would require that the Illinois Central should be responsible for presuming to use the road of another company fenceless and unprotected. Either company would be liable for the injury.

This question has been heretofore considered and decided by this court in the case of the *Illinois Central Railroad Company* v. *Kanouse*, 39 Ill. 272, wherein it was held, for an injury done on this same road, then called the Peoria and Oquawka Railroad company, that it was the duty of that company to fence the road, but that the Illinois Central was liable for all accidents for presuming to use the road in its unsafe and unfenced condition.

We do not see any difference in principle, between the cases. Both depend on the fact of the neglect of the appellants to fence the road.

We perceive no objections to the instructions given on behalf of appellee; and they, being proper, those asked by the

10—40th Ill.

appellant and refused, as they were of an opposite character to those of the appellee, were properly refused.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*