## The East St. Louis and Carondelet Railway Co.
### *v.*
### Ulrich Gerber.

1. Railroads—*liability of company upon failure to fence track.* A railroad company which fails to fence its track as required by the statute is liable for any damage resulting from such failure, whether caused by its own trains or those of another company using its track.

2. And a railroad company will be liable for any damage done by its trains, resulting from a failure to fence the track on which the damage is done, although the track may belong to another company; either company is liable in such case.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. John B. Bowman, and Mr. R. A. Halbert, for the appellant.

Mr. James M. Dill, and Mr. W. C. Kneffner, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action, brought by Ulrich Gerber against the East St. Louis and Carondelet Railway Co., to recover the value of a mare killed upon the track of the railroad company. A trial of the cause before a jury resulted in a verdict and judgment in favor of the plaintiff for the value of the mare, to reverse which the railroad company has taken this appeal.

The evidence is undisputed that the road had been built and in operation for over four years, and it had not been fenced.

It was also proven that the mare was killed on the track, and not at a railroad crossing or within an incorporated town or village.

At the place where the animal was killed, appellant and the Cairo and St. Louis Railroad Company used a part of the track in common.

The appellant's road is of the ordinary guage (4 ft. 8½ in.,)

and the Cairo and St. Louis is a narrow-guage. The former was constructed about one year before the latter was built, but after the construction of the Cairo and St. Louis, the two companies used the west rail of the track in common. Under what arrangement, however, appellant permitted the Cairo and St. Louis company to use a portion of its track, does not appear from the evidence.

The defense interposed in the circuit court, and also relied upon here, to defeat a recovery is, that the animal of the plaintiff was killed by a train of cars belonging to and under the control of the Cairo and St. Louis Railroad Company. There is evidence tending to establish this view, and, at the same time, proof was introduced which tended to prove that the animal was killed on that part of the road used exclusively by appellant. Upon this question, the jury might properly have found either way, and the finding might have been justified by the proof.

But the circuit court, on the trial, refused an instruction requested by appellant, which in substance directed the jury that appellant would not be liable if the animal was killed by the trains of the Cairo and St. Louis company, and on the track used by it.

In *The Toledo, Peoria and Warsaw Railway Co.* v. *Rumbold*, 40 Ill. 143, where an animal was killed by trains operated by the Illinois Central Railroad Company, on the road of the Toledo, Peoria and Warsaw company, it was held, the latter company was liable for the damage. In the case cited it was said, it was the duty of appellants to have fenced the road, and public safety demands they should be held liable for all damages resulting from the neglect to fence it. And the same policy would require that the Illinois Central should be responsible for presuming to use the road of another company, fenceless and unprotected. Either company would be liable for the injury. The same principle that governed the case cited will apply here.

The appellant had its road in operation. The Cairo and St. Louis company was permitted to construct a rail on appellant's

track, and thus operate its trains over the road.   If appellant would be liable, as held in the case cited, by permitting another company to run trains over its track, upon the same principle the liability would attach if it suffered a portion of its track to be used.

The statute required  appellant to fence its  road, and when it undertook to operate the road  or  allow others  to  do  so, it must be held responsible to third parties for  such damages as are incurred.   The liability arises from  the  neglect of appellant to fence its road.   The negligence in  this  regard is the gist of  the action.

We are satisfied the law involved in  the  case was  properly given to the jury.   The judgment will, therefore, be affirmed.

*Judgment affirmed.*