WILLIAM FREEMAN *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

December 2, 1881.

**Power of Company to lease its Railroad — Liability of Lessor for Lessee's Negligence.**—A railroad corporation cannot escape the performance of any duty or obligation imposed by its charter or the general laws of the state, by leasing its road, without the consent of the state. So, where a railroad corporation, without such consent, leased its road to another railroad corporation, which entered upon and controlled and managed the road, *held*, that the former corporation is liable for injuries to persons caused by negligent defects in its track at a highway crossing.

**Same—Power of Defendant to lease its road.**—Sp. Laws 1871, *c.* 71, § 1, does not consent to the defendant leasing its road unless to a raiload company of this state. Gen. St. 1878, *c.* 34, §§ 69, 106, does not consent to any lease by any railroad company of this state of its road to any Iowa railroad company unless the latter has complied with the provisions of section 106.

Plaintiff brought this action in the district court for Freeborn county, to recover damages for injuries to himself, occasioned by the negligence of defendant in failing to keep a highway crossing, in the township of Shell Rock, in that county, in a safe condition. The defendant, among other defences, pleaded that it was not the owner of the railroad, alleged ownership in the Burlington, Cedar Rapids & Northern Railway Company, a corporation organized and existing under the laws of the state of Iowa, and, upon the trial, put in evidence, to prove such allegation, a lease from itself to that company for 999 years. Plaintiff introduced evidence proving defendant's ownership, except so far as affected by such lease.

The action was tried before *Farmer,* J., and a jury, and the court, while refusing to charge at defendant's request, that "in this case your verdict should be for the defendant, upon the ground that it is not shown that this defendant had the charge, control or ownership of the track or railroad in question when the alleged injury occurred," did charge the jury that "if the Burlington, Cedar Rapids & Northern Railway Company were simply the lessees of it, then the defendant would be responsible for the keeping of the crossings and the con-

dition of the road in a safe and proper manner." Plaintiff had a verdict for $4,500, and defendant appeals from an order refusing a new trial.

*J. & S. K. Tracy* and *J. Whytock*, for appellant.

*Lovely & Morgan*, for respondent.

GILFILLAN, C. J. It is the accepted doctrine in this country that a railroad company cannot escape the performance of any duty or obligation imposed by its charter or the general laws of the state, by a voluntary surrender of its road into the hands of lessees. There are a few cases which seem to question, or at least to limit, this doctrine, but a great preponderance of decisions recognize it to its full extent. It is, certainly, in accordance with sound public policy; for it would not be for the public interest that, when the state has granted to a corporation important franchises and privileges, in consideration of certain duties and liabilities to the state and to the public, to be performed and borne by the corporation, it should, without the consent of the state, while retaining the advantage derived from its franchises and privileges, shift its duties and responsibilities to other, perhaps irresponsible, parties.

It may, undoubtedly, do so with the consent of the state. What shall be a sufficient expression of such consent, to include any particular duty or obligation, it is unnecessary in this case to consider; for no consent of the state to a leasing, by the defendant, of its road to the Burlington, Cedar Rapids & Northern Railway Company appears. The only provisions of law claimed to have that effect are the last clause of Sp. Laws 1871, *c.* 71, § 1, being an act to amend the charter of defendant, and Gen. St. 1878, *c.* 34, §§ 69, 106. The clause in the act of 1871, referred to, reads : "Whenever any number of persons shall become associated as a company or corporation, pursuant to the charter of said Minnesota Western Railroad Company, and the act amendatory thereof, or otherwise, for the purpose aforesaid, they shall have power at any time to contract with any other railroad company or companies of this state in relation to any matters or things touching the construction of its railroad and appendages, and the running of cars and locomotives thereon, and the leasing for any term of years of the whole or any part of its railroad and fran-

chises to any railroad company of this state." Whoever, within this clause, may be lessor, it is certain the lease authorized can be made only to a railroad company of this state; and the Burlington, Cedar Rapids & Northern Railway Company appears to be a railroad company of the state of Iowa. So that the section we have quoted gives no consent to the lease to that company.

Gen. St. 1878, *c.* 34, § 69, reads: "Any railroad corporation heretofore or hereafter incorporated, whether under the provisions of this title or by special charter, may at any time, and by means of the subscription to the capital of any other corporation, or otherwise, aid such corporation in the construction of its railroad, for the purpose of forming a connection of said last-mentioned road with the road owned by the corporation furnishing said aid; or any railroad corporation may lease or purchase any part or all of any railroad constructed by any other corporation whose lines of road are continuous or connected with its own, upon such terms and conditions as may be agreed on; or any two or more railroad corporations whose lines are so connected may enter into any arrangements for their common benefit, consistent with and calculated to promote the objects for which they were created: *provided*, that no such aid shall be furnished, nor any purchase, lease or arrangement perfected, until a meeting of the stockholders of each of said corporations has been called by the directors thereof, at such time and place and in such manner as they shall designate, and the stockholders of at least two-thirds of the stock of such corporation, represented in such meeting in person or by proxy, and voting thereat, assent thereto."

The title in which this section occurs is devoted to providing how corporations empowered to take private property for public use, and, principally, to how railroad corporations, may be incorporated, and to regulating such corporations, and defining their powers and duties. All its provisions are to be held as referring to corporations of this state, and not as regulating or conferring powers or imposing duties on foreign corporations, unless there be terms in the title showing an intent that they are to apply to such foreign corporations. The only reference in the title to such corporations is in section 106, which reads: "Any railroad organized, or that may be hereafter

organized, under the laws of the state of Iowa, is hereby authorized to extend and build its road into the state of Minnesota; and such railroad company shall have and possess all the powers, franchises and privileges, and be subject to the same liabilities, of railroad companies organized and incorporated under the general laws of this state: *provided*, such non-resident company shall first file a true copy of its articles of incorporation with the secretary of this state, and shall comply with the laws of Minnesota as to filing and recording its articles of incorporation, and shall keep an office in this state in the same county in which its railroad is, or is proposed to be, built: * * * *provided*, that no such company shall be entitled to operate under the provisions of this act, until such company has filed, in the office of the secretary of state of this state, an acceptance of the provisions of this act." Until compliance with this section, an Iowa railroad company cannot, so far as the state is concerned, have any of the rights enumerated in the title,—among them, the right to take a lease of a railroad in this state. The act is a consent on the part of the state to a lease to an Iowa corporation only when such corporation has done the things required by the section. As the Burlington, Cedar Rapids & Northern Railway Company has not, so far as the case shows, complied with the provisions of section 106, it cannot be claimed that the state has ever consented to the leasing of defendant's road to it.

The question to witness McGam on cross-examination was admissible, both to test the credibility of what he had previously sworn, and to show that defendant, immediately after the accident, repaired the defect alleged to exist in its track.

Order affirmed.