EAST LINE & RED RIVER RAILWAY CO. V. MARY A. CULBERSON.

No. 2558.

1. **Sale or Lease of Railroad—Employes of Lessee.**—While a railroad company can not by sale or lease avoid its duties to the public or liability for breach of such duties, yet the lessor company is not liable as a master or employer to the employes of the lessee company upon a leased railroad. It was error therefore to exclude testimony offered by the defendant company in an action against it for damages for the death of an employe that at the time of the accident the railroad was not operated or controlled by the defendant company, and that the deceased was not in its service at the time, but was in the employment of and acting for the Missouri Pacific Railway Company, the lessee.

2. **Limitation—Amendment by Making New Parties Plaintiffs.**—A demurrer was sustained for want of proper parties plaintiffs. By amendment the mother was made a party, joined with the widow and children of the deceased, for whose death damages were sought. Demurrer to the claim of the mother because as to her the action was barred at the time she was made party was properly sustained.

ON MOTION FOR REHEARING.

3. **Bill of Exceptions—Practice.**—If by any undue practice the signature of the trial judge should be procured to a bill of exceptions it would be competent for the court below on motion for that purpose to strike such bill of exceptions from the record, even after the adjournment of the term. The record can not be corrected in the Supreme Court after the cause has been submitted.

4. **Decision Adhered to** upon discussion of additional authorities.

APPEAL from Camp. Tried below before Hon. W. P. McLean.

The opinion states the case.

*Todd & Hudgins,* for appellant. — 1.   The filing and prosecution of a suit to which Mrs. C. Y. Culberson was a stranger did not stop the running of the statute of limitations against any claim for damages she might have had, and therefore the limitation demurrer as to that portion of the petition praying damages for her use and benefit ought to have been sustained, and the said charge ought to have been given.   Rev. Stats., art. 3202; Henderson v. Griffin, 5 Peters, 157.

2.   The fact offered to be proved by said witness that Culberson was injured in the employment and by the appliances of another railroad and not of this appellant was certainly material, and constituted if true a good defense to the action, and was admissible both under the general denial and special answer of the defendant.   Railway Co. v. Morris & Crawford, 67 Texas, 692; Railway Co. v. Underwood, 67 Texas, 589.

*Moore & Hart, Sheppard & Thompson,* and *J. M. Pouns,* for appellee. — 1.   The cause of action in this suit is statutory and "may be brought by all the parties thereto or any one or more of them for the benefit of all," and the institution of the suit by any one of the parties entitled to recover suspends the statute as to all interested.   Rev. Stats., art. 2904; McIlhenny v. Lee, 43 Texas, 205; Texas & New Orleans R. R. Co. v. Berry, 67 Texas, 238; L. & N. R. R. Co. v. Sanders (Ky.), 5 S. W. Rep., 563.

2.   When a cause of action is declared upon, although it is imperfectly or defectively stated, the statute of limitation is thereby suspended.   Thouvenin v. Lea, 26 Texas, 612; Hollis v. Chapman, 36 Texas, 1; Garrett v. Muller, 37 Texas, 589; Hill v. Clay, 26 Texas, 650; Lee v. Boutwell, 44 Texas, 152; Raleigh & Heidenheimer Bros. v. Cook, 60 Texas, 439; Western Union Tel. Co. v. Brown, 62 Texas, 536; 2 W. & W. Civil Cases, sec. 172, and authorities there cited.

The adding of a new name and party plaintiff does not set up a new or different cause of action.

3.   The testimony offered by appellant was to establish its plea of sale, consolidation, etc., with the Missouri, Kansas & Texas Railroad Company and said plea was entirely too defective to admit of proof.   Rushing v. E. L. & R. R. R. Co., 69 Texas 306.

GAINES, ASSOCIATE JUSTICE.—W. A. Culberson while operating a train upon the road of the appellant company as conductor lost his life in endeavoring to make a coupling between the engine under his control and a train in its front.   The appellee, who was his wife, brought this suit on behalf of herself and other beneficiaries to recover damages under the statute for the injury.   She alleged that the accident resulted from a defect in the engine and the incompetence and carelessness of the engineer.

During the progress of the trial the defendant offered to prove by a witness that at the time of the accident the road was not operated or controlled by the defendant company and that the deceased was not in its service at the time, but was in the employment and acting for the Missouri, Kansas & Texas Railway Company, another corporation. Upon objection to this testimony by the plaintiff it was excluded by the court.

There is a plea in abatement in the record which sets up that the road of the defendant company was leased to the Missouri, Kansas & Texas Railroad Company by authority of law; but it was neither sworn to nor insisted upon at the trial and it must be considered as waived. If, however, the facts justified the conclusion it was competent for defendant to show under its general denial that although the injury was received upon its road and was actionable another company was responsible for such injury, and that it was not liable. Did the evidence offered tend to show this? The defendant did not offer in connection with its other testimony to prove that the Missouri, Kansas & Texas Company was operating and controlling its road by authority of any statute, and we think the question must be treated as if no such authority existed.

We have then the question of the right of a servant of a railway company operating without authority of statute a road belonging to another corporation, to recover of the owner damages for personal injuries resulting to him in the course of his employment through the negligence of his employer or of its officers or agents. This is a new question in this court, and one upon which we have found no direct authority which is at all satisfactory.

This court has held that a railroad company can not without statutory authority lease its road to another so as to absolve itself of its duties to the public, and that when such lease is made the lessor is liable for an injury to a passenger resulting from the negligence of the lessee. I. & G. N. R. R. Co. v. Underwood, 67 Texas, 589; E. L. & R. R. Ry. Co. v. Rushing, 69 Texas, 306. We have also held that in case of an unlawful lease or sale the lessor or vendor is liable to a shipper for the failure of the company operating the road to furnish transportation upon his demand. Cent. & M. R. R. Co. v. Morris, 68 Texas, 49.

There have been numerous decisions in other States holding the lessor liable when the lease is unauthorized for injuries to live stock and to persons crossing the track caused by the negligence of its lessees. So that it may now be considered the accepted and settled doctrine that in all cases where one railroad company is operating trains upon the road of of another without authority of law, the owner of the road remains responsible for the discharge of its duties to the public and becomes liable for injuries resulting from the lessees' failure to perform their duties. The lessor by accepting its charter assumes the obligation to carry passengers safely over its line. If it entrusts that duty to another company

and a passenger is injured it is responsible. It binds itself to carry all freight offered to it and to deliver it safely. Should its lessee fail to do this it is liable. It assumes to operate its road safely and carefully, so as not negligently to destroy or damage property and not to injure persons who have the right to pass on or near the track. Should its lessee negligently do damage to property or inflict personal injuries upon wayfarers crossing the road this is a failure of duty on its part and it is responsible for the wrong. But the duties which are owed by a railroad company to its servant are not duties owed to him in common with the public but grow out of the contract of service. He assumes the relation of servant to his employer voluntarily, and out of it arises the reciprocal obligations from one to the other.

It seems to us that the relation of the servant of the company operating the road to the owner is very different from his relation to his employer, and that the relation of the owner of the road to him is different from its relation to the general public. His contract is not with the company owning the road, and it may be asked does the latter owe him the duty of a master to his servant or guarantee that the master with whom he has voluntarily contracted will perform its obligation to him? It may be that if the injury had occurred by reason of a defect in the roadbed or track and not by reason of a defect in the engine the company charged with the duty of keeping up the road would be liable. But if it were true that the injury was caused entirely by another company operating the owner's road and was inflicted upon one of its own employes by reason of a defect in machinery entirely under its control, it is difficult to see upon what principle of policy or justice the lessor should be held liable merely because it owned the road.

In the case proposed to be made by the evidence offered it seems to us that the liability of the deceased's employer would have been precisely the same on the defendant's road as if the train had been running upon its own at the time of the accident. The act of the Missouri, Kansas & Texas Company in operating the road without a license from the Legislature, if such was the fact, was merely illegal in the sense that it was unauthorized, and the object in holding a lessor responsible in such a case is certainly not to impose a mulct or fine by way of punishment. The reason for the rule is the protection of the public who need the protection. The passenger and the shipper of goods have no option, but must avail themselves of the services of the lessees, whether the lease is authorized or not. The law will not permit the owner of the road to shirk its duty to them by turning over its road to another company. Nor will it permit it to deny its liability when it has allowed such other company without authority of law negligently to injure wayfarers over the track or property along the line. There is no privity between the persons injured in such case and the operating company. It is not so with an employe who

voluntarily enters the service of the latter company with a knowledge of the facts and participates knowingly in the wrong, if wrong it be.

Where in similar cases a recovery has been permitted against a lessor it has usually been allowed upon various considerations of public policy. First, because the franchises granted are in the nature of a personal trust and sound policy demands, so far as the general public is concerned, that the corporation receiving the grant should be held responsible for the proper execution of the powers granted; and second, for the reason that to deny the liability of the lessor would enable a railroad to shirk its responsibility and to injure the public by placing its property under the control of irresponsible parties; and third, because a person who had received an injury at the hands of the operating company and was ignorant of the relations between that company and the owner of the road might be at a loss to determine against which to bring his action and thereby placed at a disadvantage in seeking a redress of his wrongs. None of these reasons apply in the case of the servant of a lessee who is injured through the neglect of his employer. He needs no protection as one of the general public, because he can enter the service or not as he chooses. He is under no compulsion to take employment from an irresponsible company, and he certainly knows whom to sue for a wrong inflicted through his employers neglect, for the latter is certainly liable to him in such a case. The reason of the rule which holds the lessor liable fails in case of an employe of the lessee, and we think that to follow it in a case like this would be to give it an arbitrary and not a reasonable application.

We conclude that the court erred in excluding the testimony, and for this error the judgment must be reversed.

We do not know what the evidence may disclose upon another trial as to the relations of defendant corporation and the Missouri, Kansas & Texas Company, and it would be futile to attempt to anticipate the questions that may arise. We merely hold now that the evidence offered and excluded tended prima facie to show that the defendant was not liable for the alleged injury.

This case was reversed upon a former appeal because it was then held that the mother of the deceased should have been made a party as an active plaintiff or as a beneficiary of the recovery. Since the remand of the cause the petition has been so amended as to bring the suit as well for her benefit as for that of the plaintiff and the children of the deceased. To the amendment petition, which was filed more than twelve months after the death of the deceased, an exception was interposed upon the ground that the cause of action was barred by the statute of limitations. As to the plaintiff and the original benficiaries the exception was not well taken. The making a new party did not set up a new cause of action. The exception should, however, have been sustained as to the

mother of the deceased. The action was neither brought by her nor for her benefit until twelve months had elapsed from the time her son died. The suit in behalf of the other beneficiaries did not stop the running of the statute against her; but defendant having pleaded the statute against her can no longer complain that she is not a party to the action.

We think the other questions raised by the appeal, except in so far as the sufficiency of the evidence to sustain a recovery is concerned, is not likely to arise upon another trial. Since the cause will be remanded the evidence will not be discussed.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion November 13, 1888.

Appellee filed motion for rehearing, substantially:

"First. That the bill of exceptions No. 2, which purports to have been reserved by the appellant to the action of the court in excluding the evidence mentioned in said bill as having been offered by appellant, was erroneously allowed by the court; that said evidence was not in fact offered, and no such action of the court as complained of in said bill was had. This ground of the motion is sustained by a statement under oath of the judge before whom said cause was tried, as well as by the affidavit of two of appellee's attorneys and the statement of facts, which show that appellant never offered the witness Duncan's evidence for any purpose.

"Second. That the court erred in holding that the evidence was erroneously excluded by the court, and thus, in effect, that although Culberson was conductor on a train on appellant's line of railway, placed there by the superintendent of said line of railway, and whose work and services as said conductor was confined entirely to said line of railway, that the appellant could escape liability to appellees for its negligence in killing Culberson by setting up an illegal lease or sale to the Missouri, Kansas & Texas Railway Company, and thus say that Culberson was the employe of the Missouri, Kansas & Texas Railroad Company and not appellant.

"Third. That the court erred in holding that Mrs. C. Y. Culberson was barred by limitation.

"Fourth. That said cause should by the court be reversed and dismissed as to the said Mrs. C. Y. Culberson and affirmed as to the other appellees, and not remanded, if the court should recede from the first ground of reversal and find as the only error that Mrs. Culberson was barred."

*C. A. Culberson, Sheppard & Thompson, J. M. Powers,* and *Moore & Hart,* for motion for rehearing.—The court will pardon us for adverting

to some of the cardinal principles that control the creation and regulation of corporations in general.

1. A corporation is a legal person with a special name and composed of such members and endowed with such powers and such only as the law prescribes. 1 Dill. on Mun. Corp., 91.

2. It must have a name and be constituted of some place. When a name is given it by charter it can act by no other name without authority of law. 2 vol. Waite's Actions and Defenses, p. 312; Boone on Corp. (pony series), sec. 35.

3. A corporation has no power except what is given by its incorporating act, either expressly or as incidental to its existence. 2 vol. Waite's Actions and Defenses, 313 and authorities cited; Boone on Corp. (pony series), sec. 35.

4. A corporation is liable to the same extent and under the same circumstances as a natural person for the consequences of its wrongful acts and the acts and negligence of its agents while engaged as such, and is liable for every description of forcible, malicious, or negligent tort it commits, however foreign to its nature or beyond its granted powers the wrongful act may be. Waite's Actions and Defenses, 337, and authorities cited.

5. A railway is liable for negligent acts of a lessee of the line when the lease has not been expressly authorized by statute, and in such case both the lessor and lessee railways are liable for injuries done by the lessee's negligent operation of the line. Pierce on Railroads, 283, 285; Thompson on Carriers of Passengers, 418; Am. and Eng. Enc. of Law, 756, notes 6, 7; Ohio & Miss. R. R. Co. v. Dunbar, 71 Am. Dec., 391 and notes; *In re* Merrill, 11 Am. and Eng. R. R. Cases, 680 and authorities cited; Whitney v. Atlantic & St. Law. R. R. Co., 69 Am. Dec., 103 and notes; Abbott v. I. G. & K. Horse R. R. Co., 2 Am. and Eng. R. R. Cases, 541 and notes; Nelson v. Vt. and Can. R. R. Co., 60 Am. and Eng. Dec., 614 and notes; Boone on Corp. (pony series), p. 418, sec. 268.

6. If such illegal lease is made the only effect is to constitute the lessee the agent of the lessor. Same authorities as above.

Under this last proposition the court's attention is especially invited to the decision of this court in the case of Woodhouse v. The Rio Grande Railroad Company, in which Judge Stayton uses this language: "In the absence of some law permitting railway companies to place their roads in the hands and under the exclusive management and control of other persons, whosoever is voluntarily permitted to manage or control a railroad in this State must be deemed in law the agent of the railroad company." 67 Texas, 416; 3 S. W. Rep., 323. Applying this wholesome and universally approved principle to the admitted facts of this case, that Duncan was superintendent of the line of railway built and constructed by the East Line & Red River Railroad Company, that he employed

Culberson as a conductor on said road, then in law he is the agent of the East Line Railroad Company, whether in fact holding manual employment under the Missouri, Kansas & Texas Railroad Company or some other person, and his contract of employment with Culberson was in law for the East Line Railroad Company and not for the Missouri, Kansas & Texas.

7.   Appellant in the absence of special authority can not divest itself of responsibility for the torts of persons operating its road by transferring its corporate powers to other persons or by leasing its road to them. Watts v. Mo. P. and I. & G. N. R. R. Cos., 63 Texas, 549; Cunningham v. International R. R. Co., 51 Texas, 504; York & Maryland Line R. R. Co. v. Winans, 17 How., 30; Nelson v. R. R. Co., 26 Ver., 717; 22 Ill., 108; 1 Redf. R. R. Law, 590, 593, 705 and 708.

8.   If Culberson when he was injured was exercising or carrying out some chartered right or power of the East Line & Red River Railroad Company it would be liable to him for injuries sustained by reason of defective appliances used in carrying out that right, even though the technical relation of master and servant did not exist between him and appellant.   R. R. Co. v. McCarthy, 20 Ill., 385; Ill. Cen. R. R. Co. v. Finnigan, 21 Ill., 646; 40 Ill., 143; 12 Wheat., 54, 55 and 59; 22 Vt., 365; 14 Ill., 85; 15 Ill., 72; Pierce on R. R. Law, 290, note 6 and authorities cited; same, 288.

Applying the foregoing principles to the facts alleged by appellant in its special plea of sale, consolidation, etc., to and with the Missouri, Kansas & Texas Railroad Company (and for the purposes of the question we concede the excluded testimony would have established the facts therein alleged), can appellant escape liability for the tort complained of by appellee?   This plea, when tested by the case of Rushing v. East Line & Red River Railroad Company, 69 Texas, 306, places appellant in no position to establish a legal lease or sale.   Hence, if appellee is precluded from recovering she must be denied the right to recover upon an illegal sale, etc.   The appellee respectfully submits that the doctrine announced by this court in the Rushing, Underwood, and Morris cases, *supra*, is in accord with the great weight of American and English authorities upon the question, and is in comport with the tendency of our modern State legislation and policy with respect to those who hold special grants and privileges from it.   To extend the doctrine further by exempting from the benefits of said doctrine that large class of our citizens who seek employment and obtain their sustenance from the railroads of our State would be to render the right there secured to the public a "barren right."   We submit that the court in attempting to draw a distinction between the employe of a railroad company and the public places too restricted a meaning upon the public.   The word public in the sense used embraces every class of the people who deal with railroad companies, whether as shippers,

travelers, or employes, and is intended to exclude only those persons who actually form and compose the body corporate.   See Bouvier's Law Dictionary, 2 vol., word "public."   The reason for prohibiting railway companies from leasing or otherwise transferring their corporate powers and liabilities in thus tersely stated by Redfield, C. J.:   "Unless we can hold the defendants thus liable they might put their roads into the hands of corporations or individuals of no responsibility.   It was on this ground that the English courts denied the legality of one road leasing itself to another or to private persons, and the consequent loss of security to the public, without the consent of Parliament."   Thompson on Carriers of Passengers, 418 and note 5.

If the court permits the doctrine announced in this cause to stand every railroad company and other corporation holding special privileges from the State can swindle and.defraud their employes out of their wages by transferring their corporate names, rights, and franchises to irresponsible persons, either natural or artificial.   They (the employes) can not recover from the corporation because of the failure of the relation of master and servant, and this applies alike to the wages of employes as well as to claims of the nature involved in this suit.

The court in deciding this cause states that it has no authority for the conclusion reached, and hence this decision becomes a precedent.   It is respectfully submitted to the court that where the court is not absolutely environed by the doctrine of *stare decisis* and it becomes necessary to fix by judicial opinion a rule for the future control and guidance of any subject or interest, that the courts will adopt and enforce that view of the rule which best promotes the interest of justice and the welfare of all concerned.   This we believe to be a sound and humane principle of law and. should be adhered to in this case.

Another view of this question is this:   Admitting that Culberson was employed by some other person than the appellant to perform service on appellant's road and appellant accepts Culberson's services, and in performing his labor Culberson is injured, can he not waive his suit against his employer and proceed against the party whose negligence actually caused the injury?   Appellant would be required at least to exercise towards Culberson the same care that it would towards a volunteer whose services it would accept.   1 Addison on Torts, p. 26, sec. 27.

In conclusion, we earnestly beg the court to give the questions involved in this motion that careful thought which their importance demands, because the question of appellant's liability to appellee is not only fraught with moment to her, but it settles a new principle of corporate law in this State; a principle so vital and far reaching in its results that should it be permitted to remain as first announced by the court herein an appeal will have to be made to the legislative department of the State for relief against its disastrous effects.

*Todd & Hudgins*, resisting the motion.

Gaines, Associate Justice. — This is a motion for a rehearing and is accompanied by affidavits which are intended to impeach a bill of exceptions found in the record. This bill shows the ruling of the court which in the opinion formerly delivered was held to be reversible error. The affidavits tend to show that the bill was improperly allowed and signed by the trial judge. It is not denied that it was allowed, signed, and filed as a part of the record during term time.

. We are of opinion that the record can not be attacked in this way. If by any undue practice the signature of the trial judge should be procured to a bill of exceptions which he did not understand and which he did not intend to sign, we think it would be competent for the court in which the trial was had, upon a motion made for that purpose, to strike it from the record. This might be done even after the adjournment for the term and after an appeal had been perfected to this court. The trial court has the power in a proper proceeding and upon proper proof so to amend its records as to make them speak the truth, even after the jurisdiction has attached in the appellate court. If the amendment be made after the transcript has been filed in the Supreme Court the record may be corrected in the latter court by a suggestion of its diminution and a motion for a certiorari. It can not be corrected here in the first instance, and especially after the cause has been submitted. Besides, the affidavit of the trial judge which accompanies this motion shows that at the time he signed the bill of exceptions he knew its contents. If we could disregard the bill the motion for a rehearing should be granted; but we are of opinion that it must be treated as a proper part of the record in the case.

The question upon which the judgment in this case was reversed was not very fully discussed in the original briefs of counsel, and we have therefore deemed it proper to give it a careful reconsideration. The argument of appellee in support of the motion contains a very full citation of authorities, which have been carefully examined but which have not changed our former opinion. We think a review of the cases cited will show that none of them are inconsistent with our views as formerly expressed.

Railroad Company v. Meader, 50 Texas, 85, was a case in which the railroad company was held liable to the owner of land for the trespass of its contractors in entering upon his premises and constructing its road without having first condemned the right of way. The principle decided is that the act which the contractors were employed to perform being unlawful, so far as the land owner whose land had not been condemned was concerned the company could not escape its liability by showing that the persons who committed the trespass were independent con-

tractors to perform the work.   The principle does not apply to the question presented in this case.

In Railroad Company v. Watts, 63 Texas, 549, it is said that the appellee being the servant of the Missouri, Kansas & Texas Railroad Company, which had leased and was operating the road of the International & Great Northern Railroad Company, the latter company would not be responsible to him for the negligence of the former, provided the lease was authorized by law.   It is not decided that the lessor would have been responsible if the lease had not been authorized.

In West v. Railroad Company, 63 Illinois, 545, it was held that the company was not liable to the servants of its contractors for an injury received through the contractors' negligence.

In Sawyer v. Railroad Company, 27 Vermont, 370, the defendant company had made a contract with another company by which the latter had the privilege of running its trains on the former's road.   It was the duty of the defendant to keep a certain switch on its road in order.   Through the negligence of its servant the switch was misplaced and a locomotive of the other company derailed, the derailment resulting in an injury to the plaintiff who was a servant of the latter company on duty upon the locomotive at the time of the accident.   There the injury was the direct result of the negligence of the servant of the owner of the road, and the plaintiff was held entitled to recover.   If as seems to be contended in the present case he was to be considered the servant not only of the company who employed him but also of the owner of the road, then he would have been the fellow servant of the switchman who caused the injury and he could not have recovered.

The case of Merrill v. Railroad Company, 54 Vermont, 200, virtually reaffirms Sawyer v. Railroad Company, *supra*.   There it seems that the defendant company was running on a portion of the road of another company and that this arrangement was authorized by law.   It is apparent that the decision does not apply to the case now before us.

Another case cited is Nugent v. Railroad Company, 8 Atl. Rep., 797.   There it is held that " a railroad corporation over a section of whose track another company by virtue of a contract runs its trains is liable in tort to the latter's brakeman who, while in the due performance of his duty on his employer's train, receives a personal injury solely by reason of the negligent construction of the former's station house."   There the injury complained of resulted directly from the negligence of the company owning the road.   It was decided that they were charged with the duty of keeping their road in a safe condition for the operation of trains, and that they were liable to the employe of the operating company for an injury resulting from a failure to perform this duty.

In Railroad Company v. Brown, 17 Wall., 445, the lessor company was held responsible to a passenger on a train of a lessee who was improperly

expelled from a car by a servant of the latter. The liability of the owner of the road to passengers on the operating company's train was recognized in the former opinion.

Freeman v. Railroad Company, 10 N. W. Rep., 594, seems to have been an action by a wayfarer for an injury received from the railroad train at a public crossing.

Aycock v. Railroad Company, 89 N. C., 321, was an action by the owner of land for damage caused to his timber by fire communicated by sparks from a passing engine.

Balsey v. Railroad Company, 8 N. E. Rep., 859, involves the same principle as the case last cited.

Nelson v. Railroad Company, 26 Vt., 717, was a suit against a corporation owning a railroad for a cow run over and killed by train of its lessee.

The liability which was held to exist in each of the five cases last named is distinctly recognized in the former opinion in the case before us.

The case of Sellars v. Railroad Company, 25 Am. and Eng. R. R. Cases, 451, was brought by the administrator of a servant of the defendant company directly against the company which employed him for injuries which resulted in his death. It throws no light upon the present case.

There are a few other cases cited in the arguments of counsel, but they are upon the same lines and involve the same principles as the case just discussed. None of them are decisions upon the immediate question before us.

These cases commented upon afford ample authority for holding that a railroad company which without authority of law leases its road to another corporation is responsible for the torts of the lessee so far as the general public are concerned. Not one of them sustains the position of appellee that the lessor is liable to the servant of the lessee for injuries resulting from the negligence of the latter company. We have found only one case in which a servant of the company operating a railroad under a license of the owner was permitted to recover of the latter for the negligence of the former's servants. This is the case of Railroad Company v. Mayes, 49 Ga., 355. The case presented, however, peculiar complications and there is another ground upon which the decision might properly have been rested. The immediate question before us was not discussed in the opinion. We are satisfied that no well considered case can be found which sustains the doctrine contended for by appellee. A few may be found where the servant of the lessee has been permitted to recover of the lessor for injuries resulting from a faulty construction of its track or from negligence in failing to keep it in repair. But in such a case the injury results from the failure of the lessor to perform its immediate duty.

The argument in support of a motion for a rehearing assumes that we have in our opinion treated the plaintiff's suit as an action *ex contractu.*

This is a mistake. The suit is for a tort; but the duty the violation of which gives the ground of action grows out of a contract. The petition alleges that the defendant was negligent in not furnishing a safe engine and a competent engineer and that from this negligence the deceased received the injuries which resulted in his death. The duty of furnishing the deceased a safe engine grew out of the relation of master and servant, and this relation was created by his contract of employment. We think it follows that if the deceased was employed as conductor of a train by a company operating the road under a lease and the injury resulted from the incompetence of the engineer or the imperfection of the engine furnished him by the lessee, the latter would be liable and not the lessor. It does not do to say that the lessee would be the agent of the lessor. As applied to this case this would be a mere fiction, not based upon any sound rule of law. The lessee under an unauthorized lease may be deemed the agent of the lessor so far as the latter's duties to the public are concerned.

Having undertaken by its charter to operate its road, the company which it puts in charge of its line may be looked upon as its agent so far as its general duties under its franchises are concerned. But the duty which is owed to an employe of the lessee is a special one, and not a duty owed to him in common with the general public.

It is also urged that we are in error in holding that the mother of the deceased was barred of her right of action by the statute of limitations. She was a necessary party to the suit, either as plaintiff or beneficiary, in the first instance. She was not made a party until more than one year had elapsed since the death of her son. The amendment which alleged her existence and prayed a recovery for her benefit as well as that of the other plaintiffs presented for the first time her right and it was a new cause of action so far as she is concerned. We see no reason why the rule that applies to tenants in common in suits for the recovery of land, that one may be barred though the others are not, should not apply in this case.

The motion for a rehearing is overruled.

*Motion overruled.*

Opinion February 5, 1889.