GULF, COLORADO & SANTA FE RAILWAY COMPANY v. C. R. GASKILL.

No. 2078.   Decided June 15, 1910.

Master and Servant—Railway—Compress Track—Movement of Cars—Negligence.

Under a contract with a compress company a railway company constructed a spur track to the compress, the agreement being that it was to own, maintain and operate such track "and to transfer or move cars loaded or empty to and from such plant." A superintendent of the compress, while in a car on such track, was injured by the striking against it of a car moved by employes of the compress company by the use of pinch bars. In an action by him against the railway company for negligence in such movement of the cars, held:

(1)   That it was proper to refuse to direct a verdict for defendant, there being evidence to support plaintiff's claim that the servants of the compress company, in moving the cars, were acting under the direction of an employe of the railway company and in the execution of work undertaken by it under its contract. (Pp. 442, 443.)

(2)   It was impossible to charge the jury to find for plaintiff irrespective of the question whether the servants of the compress company acted in moving the car under the direction and control of a servant of the railway company. (P. 443.)

(3)   East Line & R. R. Ry. Co. v. Culberson, 72 Texas, 375, approved and followed.   (P. 443.)

(4)   Though the contract of a railway company be held to require it to move the cars from point to point on the spur track as might become necessary, this would not render it liable for negligence of the servants of the compress company in doing, not under the direction or control of the railway, the work which ought to have been done by it. (Pp. 443, 444.)

(5)   It is questioned whether the undertaking of the railway company to transfer cars to and from the compress plant bound it, after having so delivered them, to move such cars from point to point of the compress platform as might be required.   (P. 444.)

Error to the Court of Civil Appeals for the Fourth District in an appeal from Burleson County.

Gaskill sued the railway company and obtained judgment, which was affirmed on appeal by defendant. Appellee thereupon obtained writ of error.

*Terry, Cavin & Mills* and *A. H. Culwell,* for plaintiff in error.

*R. J. Alexander* and *Wilkinson & Lee,* for defendant in error.—The appellant being the owner of the spur track and of the cars unloaded, loaded and operated thereon, and never having surrendered or lost control of either by any lease, contract, or otherwise, could not, by permitting the employes of the compress company to move said cars or by consenting thereto, escape liability to one injured through the negligence of such employes, on the ground that they were not its

own employes or servants. Gulf, C. & S. F. Ry. Co. v. Bryant, 30 Texas Civ. App., 4; Missouri, K. & T. Ry. Co. v. Owens, 75 S. W., 579-584; Gulf, C. & S. F. Ry. Co. v. Miller, 98 Texas, 270.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The defendant in error, plaintiff below, who was superintendent of a compress at Ballinger, was hurt while attending to his business as such in a car of the plaintiff in error, defendant below, which stood upon the spur track by the cotton platform of the compress company, through the negligence of other persons in driving another of defendant's cars against that in which plaintiff was. Those who moved the car were ordinarily the servants of the compress company alone, and the principal question in the case is whether or not the defendant is responsible for their negligence.

The spur track was constructed by the defendant to connect its road with the compress, under a contract with the compress company, stipulating that the former was to be its owner and was to maintain and operate it in connection with the railroad, "and to transfer or move cars, loaded or empty, to and from said plant" of the compress company. The course of the business was for the defendant to put cars upon the spur to be unloaded or loaded and to be afterwards taken out for transportation. All other work about the compress and the spur was done by the plaintiff, as superintendent, and a corps of men under him employed by the compress company, except such as was done by one Rhodes who was the only employe of the defendant having any connection therewith. As it became necessary to change the positions of cars upon the spur, they were moved with pinch bars by the hands in the employ of the compress company. Whether such movement and placing of cars was done under the direction and control of Rhodes as the employe of the defendant or under that of the compress company the evidence conflicts—that for the plaintiff tending to prove the former and that for defendant tending to show the latter to have been the fact. The trial court seems to have regarded the conflict as immaterial, instructing the jury, in substance, that if the two cars were brought into collision through the negligence of the servants of the compress company, moving them by permission of the defendant, the latter would be liable as matter of law. The Court of Civil Appeals affirmed this view of the law of the case.

We can not agree with the contention of counsel for plaintiff in error that the court should have directed a verdict for the defendant. If the fact be—as much of the evidence for plaintiff tends to show it—that the railroad company, through its employe, Rhodes, and as a part of its work, controlled the moving of cars as it became proper to do so, it would be liable for the consequences of the negligence of those doing such work for it, although in all else they were the servants of the compress company. If it so employed them in its own work, under such conditions, it made them its servants for the time being. Nor could they be regarded, while so engaged, as the fellow-servants of the plaintiff. He was doing the work of his employer

alone and not that of the defendant, in which, in the state of facts supposed, the others would be regarded as acting.

But neither can we agree with the view of the trial court and the Court of Civil Appeals, that, as matter of law and without regard to the question of fact just referred to, those operating the cars are to be regarded as having been servants or agents of the defendant. Even conceding for the purposes of the decision that the undertaking of the railroad company "to transfer or move cars, loaded or empty, *to or from* said plant," obligated it to move them from point to point on the spur after they had been put upon it as the convenience of the compress company in loading or unloading them might demand, it yet can not be admitted, that if the latter company voluntarily undertook to do that work for itself with its own servants, it thereby made them the servants of the railroad company when neither company nor the servants themselves contemplated or consented to such a change of relation. Such a conclusion, in the language of the opinion in East Line & R. R. Ry. Co. v. Culberson, 72 Texas, 375, would rest on "a mere fiction not based upon any sound rule of law." In that case a question much broader and more important than that before us was involved, viz.: whether or not a railroad company which had leased its lines to another without authority of law was responsible for the negligence of the lessee, actually operating the road, causing injury to a servant of the latter, and, although the opinion fully recognized the principle that by such a lease the owner of a railroad could not escape any of its duties to third persons or to the public at large, and is to be treated, despite the unauthorized lease, as operating the road through the lessee and as responsible for such operation, yet it was held that the principle has no application as between the lessor and employes of the lessee whose rights as employes arise out of and are dependent on contract with the latter, and that the responsibility of the lessor does not include that for negligence consisting only in the manner of such operation. While there is a conflict of decision upon that question we are entirely satisfied with the soundness of the position of this court and believe it to be upheld by the weight of authority. Many of the decisions on the subject are cited in Elliott on Railroads, sections 466, 472.

In our opinion there would be less reason in this case for holding the railroad company liable to plaintiff, an employe of the compress company, for the negligence of other employes of that company, in fact acting as such, than there would be for holding a lessor of a railroad company who has permanently committed to a lessee the entire discharge of all its duties responsible to any one hurt by such operation whether servant or not.

Treating that which the employes of the compress company were in the habit of doing, when they moved cars from point to point on the spur track, as work which ought to have been done by the railroad company, it does not follow either as a legal construction or an implication of fact that, if the compress company, for its own convience, undertook to do it with its servants, it and they thereby consented to become agents or servants of the railroad company and that it consented to accept them as such. The work was such as they

might well have regarded as incidental either to the business of the compress company or to that of the railroad company, and there is no rule of law or consideration of public policy operating as between the two companies, that we can discover, denying to them the right to arrange the doing of such simple things as their own convenience or interests might dictate, and forcing upon them the relation of principal and agent, or employer and employe, without regard to any question as to the actual assumption of such relation.

But we think it by no means clear that the duty of moving the cars as was usually done was expressly imposed upon the railroad company by the contract. It undertook to move them "to and from" the plant. But we do not intend to decide the question just stated as matter of law. All that is necessary is to state, what seems obvious to us, that the language is such as to admit of further arrangement between the companies as to such movements as those in question and to embrace as within the intention of the contracting parties any course of action in regard thereto which may have grown up between them; and that this leaves the question of fact raised by the evidence and to be decided by the jury, whether the compress company did the work with its servants, or whether the railroad company, through its agent, Rhodes, did it, directing and controlling it and employing, for the purpose, the services of those who in other things were only the employes of the compress company. The action of the trial court in taking that question from the jury was error for which the judgment must be reversed.

*Reversed and remanded.*