HIDALGO ET AL., PETITIONERS, *v.* CUEVAS ZEQUEIRA, DISTRICT JUDGE, RESPONDENT (CRUZ, INTERVENOR).

PETITION for a Writ of Certiorari to the District Court of Humacao in a Proceeding for the Approval of a Statement of the Case.

No. 207.—Decided December 24, 1917.

STATEMENT OF CASE—CORRECTION OF ERROR—APPEAL.—The trial court has power to correct a statement of the case to the extent that it may state the truth even after the transcript has been filed in the appellate court.

The facts are stated in the opinion.
*Messrs. M. Tous Soto* and *R. Arce Rollet* for the petitioners.
The respondent did not appear.
*Mr. Luis Mendín* for the intervenor.
MR. JUSTICE HUTCHISON delivered the opinion of the court.
In a cause entitled Luis Cruz v. John Doe and Richard Roe, the District Court of Humacao, on April 26, 1917, approved a statement of the case together with certain proposed amendments.
On May 14 a second statement was submitted without

notice to the adverse party and on the day following was certified by the trial judge as true and correct.

Counsel for appellees knew nothing of this until the transcript was submitted to them, whereupon they moved, first in this court and later in the district court, alleging that the second statement, as approved by the trial judge, did not contain the amendments inclusion of which had been ordered and praying that the record be corrected in this regard.

Appellant resisted the motion in this court for want of jurisdiction, citing *Benet* v. *Hernández*, 22 P. R. R. 461, and at the hearing appellees, apparently convinced of their error, asked and obtained leave to dismiss.

Simultaneously with the dismissal of the motion in this court the question was argued before the district judge, who, on the next day, without attempting to distinguish in any way the case of *Benet* v. *Hernández*, urged upon his attention by appellees, entered the following order:

"Both parties having been heard on the present motion, and it appearing that the same question has been raised in the Supreme Court, by virtue of the pendency of this suit on appeal before that tribunal, the prayer of defendant is denied."

It seems quite clear that the trial judge proceeded upon the theory that notwithstanding the rule announced by this court he had no power to act by reason of the transcript's having been filed on appeal, although this does not appear so plainly from the face of the order as from the record of the present proceeding to review the same.

The view of this court as set forth in *Benet* v. *Hernández* is summed up in the first paragraph of the syllabus, as follows:

"When a conflict exists as to the contents of a statement of the case filed in the appellate court, application should be made to the trial judge for its adjustment; for, although the statement of the case has been filed in the appellate court, the judge who approved it is authorized to cancel his certificate subjoined thereto if convinced that his action was erroneous or performed inadvertently."

In Corpus Juris, vol. 4, p. 493, sec. 2240, it is pointed out that—

"As to the power of the lower court to amend after the transcript of the return has been filed above, except in the case of formal or trivial errors, the decisions are hopelessly conflicting. Some courts hold that error may be corrected in the lower court even after appeal; and the amendment becomes a part of the record of the appellate court when it has been duly filed therein, on leave given for that purpose, and when it has been properly certified. In other jurisdictions the right to amend after the appeal is taken is denied."

In well-considered cases sustaining the affirmative it has been said that—

"While it is true that a circuit court loses jurisdiction of a case by appeal it still retains sufficient power over its own records to authorize it by a *nunc pro tunc* order to correct a bill of exceptions to the extent that it may speak the truth. The propriety of this course is evident in that the errors should, and in fact can only be properly corrected where committed." (*Johnston* v. *Ragan,* 178 S. W. 159.)—"The power to settle a record is one in no manner dependent upon the existence, in the person or body settling such record, of any jurisdiction over the action wherein the record was made. The person who acts as the trial judge is empowered to settle a record after he ceases to be judge." (*State* v. *Leggett,* 142 N. W. 974.)— "The question involved is purely a matter of practice." (*Bloch* v. *Sammons et al.,* 55 Pac. 438.)—"Although it has become the practice, and a commendable one, for counsel to prepare and submit the bill of exceptions to the court for its approval, yet (citing code) * * * it is presumed that the court keeps the record of the trial, and prepares the bill of exceptions when the case may be appealed; from which it follows that, from whatever cause the oversight may have occurred, it is in law the error of the court before which the cause may have been tried, and, on having its attention called thereto, after notice seasonably made to those interested, the court has power to correct the bill of exceptions so as to conform to the facts intended to be included therein." (*McGregor* v. *Oregon R. & N. Co.,* 14 L. R. A., New Series, 668.)—"If by any undue practice the signature of the trial judge should be procured to a bill of exceptions, which he did not understand, and which he did not intend to sign, * * * it would be competent for the court in which the trial was

had, upon a motion made for that purpose, to strike it from the record. * * * The trial court has the power, in a proper proceeding, and upon proper proof, so to amend its records as to make them speak the truth, even after the jurisdiction has attached to the appellate court." (*East Line & Red River Co.* v. *Culberson*, 10 S. W. 706.)—"As the appellate jurisdiction * * * is directed to the correction of errors committed in the course of proceedings prior to and connected with the rendition of the judgment, and is confined to the record as it is made by the trial court * * * it is a matter of prime importance in the administration of justice that the records of the trial courts should speak the truth. If they become mutilated, falsified, tampered with, and changed so as to make it appear that the trial court did what in fact it did not, we are powerless to correct them; and, if not corrected in the trial courts, which have custody and jurisdiction over their records so far as made by them, they must go uncorrected, and justice defeated on appeal." (*Johnston* v. *Arrendale*, 71 S. W. 44)—"The trial court had the right to have the record speak the truth, and the actual objections urged and ruled upon presented in the bill. If there was an error in the first bill in stating the proceedings, then before him, he had the right to correct it; that he did so by an order and substituted bill we believe we should presume was properly done when there is no appeal therefrom." (*Neville* v. *Miller*, 171 S. W. 1109.)

See also *Corralitos Co.* v. *Mackay*, 72 S. W. 624; *Harris* v. *Stark*, 110 S. W. 737; *Beaumont and G. N. R. R.* v. *Elliot*, 148 S. W. 1125.

The doctrine of *East Line & Red River R. Co.* v. *Culberson* and of *Mc Gregor* v. *Oregon R. & N. Co., supra,* is adopted by Ruling Case Law without citation of other authorities. Vol. 2, page 150, sec. 123.

Aside from any distinction that may be drawn between jurisdictions where the original record is sent up on appeal and those where, as here, the same remains below—it being the province and the statutory duty of the trial judge, not the court, to enter upon the original statement such corrections as he may deem advisable—whatever merit may be found in the technical reasoning of the cases holding that the lower court has no such power after the filing of the transcript on

appeal, is more than outweighed by considerations of common justice and of simplicity, directness and dispatch in matters of procedure.

The order appealed from must be reversed and the record returned for further proceedings not inconsistent herewith.

*Order set aside.* -

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey absent.