## HAMILTON v. HOUSTON E. & W. T. RY. CO. (No. 1890.)

Court of Civil Appeals of Texas. Beaumont. Nov. 20, 1929.

Rehearing Denied Dec. 4, 1929.

Maurice Short and Dallas Ivey, both of Center, for appellant.

Arterbury & Coolidge, of Houston, for appellee.

WALKER, J. This suit was by appellant against appellee for damages suffered by reason of certain alleged personal injuries and also for damages occasioned by the alleged agent of defendant breaking into appellant's house and converting and destroying his household goods, and for letters written him by this agent while he was sick, and for pain and mental anguish suffered by reason of all the wrongs complained of. Appellant, a sec-

tion hand in the employment of Texas & New Orleans Railroad Company, claimed by his pleading and testimony that he suffered certain severe personal injuries while aiding in placing a hand car upon the railroad track belonging to appellee. He further claimed by his pleadings and testimony that while he was sick and unable to work by reason of his injuries his section foreman, from whom he had rented a house belonging to appellee, broke into his house and removed his household goods and wrongfully destroyed and converted them, and that while he was sick the section foreman wrote him certain damaging letters, and, further, he claimed by his pleadings and testimony that by reason of these facts he suffered great pain and mental anguish and loss of earning capacity, etc., for all of which he sued for damages in excess of $20,000.

Appellee pleaded against appellant a misjoinder of causes of action, which was sustained by the court to the extent only that "plaintiff sought to recover the value of household goods and furniture," which allegations were stricken by appellant from his petition. To this ruling of the court he excepted. Appellee further answered by plea of general denial, and specially that it had, prior to the alleged injuries suffered by appellant, leased all its physical equipment, by authority of law, to Texas & New Orleans Railroad Company, which company was, at the time alleged by appellant, operating its lines, and that appellant was the servant of the lessee railroad company and not the servant of appellee. This plea was sustained by due proof of the lease contract, which the evidence showed was entered into by and with the approval of the Interstate Commerce Commission. Appellee also pleaded against appellant contributory negligence, assumed risk, etc., to the submission of which to the jury he filed exceptions. He also excepted to the refusal of the court to submit to the jury his claim for damages based on the act of the section foreman in breaking into his house and writing the letters complained of. The issues given submitted only the issue of personal injuries, and in connection therewith the issues of negligence, raised against appellee, and of contributory negligence and assumed risk raised against appellant. All these issues were found by the jury in appellee's favor. Question No. 7 was as follows: "Do you find from a preponderance of the evidence in this case that the plaintiff was injured at the time and in the manner as alleged by him in his petition?" This question was answered by the jury in the negative. Question No. 11 was as follows: "What amount of money, if any, do you find from a preponderance of the evidence, if now paid in cash, would be a fair compensation to the plaintiff for the damages, if any, suffered by him as a result of the injury or injuries, if

any, sued for herein?" To this question the jury answered, "None." On the verdict of the jury judgment was entered in favor of appellee and against appellant, from which he has duly prosecuted this appeal, assigning 21 errors and 24 propositions.

We first consider the assignments relating to the action of the court upon appellee's plea in abatement and the refusal of the court to submit to the jury the issues based upon the action of the section foreman in breaking into appellant's house and writing the letters complained of. By conclusive evidence appellee established its plea that, with the consent of the Interstate Commerce Commission, it had leased its lines, prior to the time of appellant's alleged injury, to Texas & New Orleans Railroad Company, which company was at that time operating its lines, and that appellant and all the section crew he was working with were the servants of the lessee railroad company, and that in renting the house to appellant the section foreman was acting as agent of the lessee railroad company and not as agent of appellee, and that the section foreman was agent of the lessee railroad company in all he did. The evidence was conclusive that none of the injuries, which the court refused to submit to the jury, grew out of any structural defect in the construction of the track and roadbed of appellee, but was an act of the agent of Texas & New Orleans Railroad Company in the discharge of his duties as section foreman. In H. E. & W. T. Railway Company v. Anderson, 10 S.W.(2d) 767, construing the effect of this lease now before us, we held that it was not authorized by any law of this state or any commission acting under authority of the laws of this state, and concluded that, as the owner and lessor of its roadbed, appellee was liable for the torts of its lessee, Texas & New Orleans Railroad Company, in so far as the general public was concerned. But that case did not involve the acts of the lessor for a tort committed by the lessee against one of its servants. It is the well-settled law of this state that the lessor railroad company is not liable to the servants of the lessee railroad company for breach of duties owed by the lessee railroad company to its servants, Railway Company v. Culberson, 72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805; Railway Company v. Gaskill, 103 Tex. 441, 129 S. W. 345, except for injuries resulting from a faulty construction of its track or from negligence in failing to keep its track in repair, Railway Company v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18. The first two cases cited hold that the lessor railroad company is not liable for the torts of the lessee railroad company against its servants, but recognize the exception to the general proposition. This exception was made the basis for the liabilities sustained against the lessor railroad company in the Lane Case. Upon this proposition appellee was not liable for

the acts of the section foreman in breaking into appellant's house and converting and destroying the household goods and writing the letters complained of, so the ruling on the plea in abatement is immaterial, since, clearly, the court did not err in refusing to submit these issues to the jury.

Appellant has assigned error against the admission of the lease contract and also the court's refusal to charge the jury that the lease contract did not "relieve the Houston East & West Texas Railway Company from liability to plaintiff, if you find from the preponderance of the testimony that plaintiff was injured by defendant's negligence." No error was committed in the reception of the lease contract. It was vital and controlling on the issue of appellee's liability for the acts of the section foreman in breaking into appellant's house, destroying his furniture, and writing the letters. The liability of appellee to appellant, had appellant suffered the injuries complained of, was a question of law for the court, upon the construction of the lease contract, with which the jury was not concerned. The construction of the lease contract was not a jury issue, so the court did not err in refusing to charge the jury as to its effects.

But whether error or not, the introduction of the lease did not influence the jury in its answer to questions Nos. 7 and 11. Appellant says it did on the ground that the contract convinced the jury that he had sued the wrong railroad company and it thought it was finding, not that he was not injured, but that appellee did not injure him. This is not a proper construction of these questions. They carried, directly and unequivocally, to the jury the disputed fact issue as to whether or not appellant had been injured at all and the amount of damages suffered by him. The identity of the wrongdoer was not involved in these questions nor in the jury's answers. But he cannot complain that the jury may have given undue weight to this contract in answering these questions. The evidence was admissible and controlling on the issues of breaking into the house and writing the letters, and if he desired its effect limited to these issues he should have requested a special charge to that effect. Appellant lost his claim for personal injuries by the jury's answers to these questions. By them it was found that he was not injured at all and that he suffered no damages. These findings were not directly challenged by appellant as being without support, but such a challenge would have been without foundation, since the evidence was overwhelming in their support. The errors assigned against the court's charge in its definitions of ordinary care, negligence, assumed risk, and contributory negligence could not have injuriously affected appellant in the jury's answers to these questions, so it would serve no useful purpose to discuss these assignments.

There being no reversible error in the record, the judgment of the lower court is in all things affirmed, and it is accordingly so ordered.