Florence SCHWARTZ, Relator,

v.

The Honorable Dwight JEFFERSON, Judge, 215th Judicial District, Harris County, Texas, Respondent.

No. 14–96–00622–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1996.

Janet E. Militello, Jess H. Hall, Houston, for relator.

Allan Brent Diamond, Houston, for respondent.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

In this original proceeding, relator, Florence Schwartz, seeks a writ of mandamus compelling the respondent, Judge Jefferson, to vacate his order disqualifying relator's lead attorney, Janet Militello. We conditionally grant the writ.

The litigation underlying this proceeding arose from a dispute over the sale of two family-owned businesses. Relator, a major shareholder in the businesses, was sued for breach of an agreement to sell the businesses. Janet Militello, an attorney with Liddell, Sapp, Zivley, Hill & LaBoon (Liddell, Sapp) served as relator's lead attorney in this case. Relator retained John Lamar, general partner of the real party in interest, Contex Capital Partners ("Contex"), to evaluate the adequacy of the purchase price of the two businesses and to assist in settlement negotiations. Following settlement of this suit, relator asserted that Lamar did not perform services as contemplated and relator refused to pay Contex for his services. Contex subsequently filed this suit against relator. In October 1994, Contex filed an amended petition alleging quantum meruit. Relator's counsel, Militello, states in an affidavit that, soon after the filing of this amended pleading, she advised Contex's lead counsel that Edward Friedman, another of relator's counsel, was withdrawing as counsel because he might need to testify.

According to Militello's affidavit, counsel for Contex raised the possibility of disqualifying Liddell, Sapp or calling Militello as an adverse witness at this time in early 1995. Contex did not take Friedman's deposition and did not, at this time, object to Militello's continued representation of relator. On February 8, 1996, relator filed a third amended original answer and counterclaim for actual and punitive damages. The counterclaims included claims of fraud in the inducement, breach of contract, DTPA violations, fraud, breach of fiduciary duty, promissory fraud, professional malpractice, and negligent misrepresentation. As part of the facts alleged in support of the counterclaims, relator contended Contex had represented it would acquire the services of an investigator and, in reliance on this representation, relator and her attorneys did not undertake this task.

On the basis of this statement in relator's third amended answer and counterclaim, Contex filed a motion to disqualify relator's attorneys. In response to the motion, relator stated that three attorneys were participants in the events which are the subject of the claims and counterclaims. These were Edward Friedman, Stephanie Donaho, and Janet Militello. Determining that two of the three attorneys who participated might be called as witnesses, relator advised the court and Contex that these attorneys would not take an active role in the trial. Relator further asserted that Janet Militello would not be called as a witness. After a hearing, the trial court entered an order granting the motion disqualifying Janet Militello.

Relator argues the trial court's order has no basis in fact or in law. Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs

if the trial court clearly fails to analyze or apply the law correctly. *Walker,* 827 S.W.2d at 840.

In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker,* 827 S.W.2d at 842.

Mandamus has been accepted as an appropriate method to review improper disqualification of counsel. *See Phoenix Founders, Inc. v. Marshall,* 887 S.W.2d 831 (Tex. 1994); *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654 (Tex.1990). The courts have held mandamus relief available because disqualification is a severe remedy resulting in immediate and palpable harm that disrupts the trial court proceedings and deprives a party of the right to have counsel of choice. *Occidental Chem. Corp. v. Brown,* 877 S.W.2d 27, 30 (Tex.App.—Corpus Christi 1994, orig. proceeding), *vacated by Grant v. Thirteenth Court of Appeals,* 888 S.W.2d 466 (Tex.1994). Therefore, disqualification of counsel may render remedy by appeal inadequate. *NCNB Texas Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989). We find that, because the trial court's order requires relator to go to trial without her counsel of choice, appeal is an inadequate remedy in this case.

Relator contends the trial court abused its discretion in disqualifying Militello

because Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct permits disqualification in only two circumstances and neither of these circumstances is present in this case. Subsection (a) of Rule 3.08 provides for disqualification of the attorney "if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client" unless the lawyer's anticipated testimony falls within one of five exceptions.[1] SUPREME COURT OF TEXAS, STATE BAR RULES art. 10, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 3.08(a) (1994) [hereinafter TEX. DISCIPLINARY RULES OF PROF. CONDUCT] (located in the pocket part for Volume 3 of the Texas Government Code in title 2, subtitle G app. A, following § 83.006 of the Government Code). Relator contends subsection (a) is inapplicable here because relator represented in her affidavit, her pleadings, and in open court that she will not call Militello to testify.

Subsection (b) requires an attorney to decline representation "if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure." TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08(b) (1994). Relator argues that this subsection is also inapplicable because no one presented evidence showing that Militello has evidence substantially adverse to relator, that anyone needs such evidence, or that Militello will be compelled to provide such testimony if it exists. Regardless of this lack of evidence, relator asserts she exercised her right to choose to proceed with Militello as her attorney even if Militello is compelled to testify.

The comments to Rule 3.08 indicate the rule is intended to address situations in

---

1. These five exceptions are:
   (1) the testimony relates to an uncontested issue;
   (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
   (3) the testimony relates to the nature and value of legal services rendered in the case;
   (4) the lawyer is a party to the action and is appearing pro se; or
   (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client. TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08(a)(1)–(5) (1994).

which serving dual roles as advocate and witness could impair the attorney's ability to represent the client effectively and could create confusion for the factfinder. Comment 8 provides that, even if a lawyer must testify and therefore may not serve as advocate before the tribunal, another lawyer in the testifying lawyer's firm may act as an advocate, provided the client consents to this. TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08, Comment 4 (1994). The comments further observe that the jury may not understand whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof. TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08, Comment 4 (1994).

In response to relator's argument, Contex concedes the primary goal of the Disciplinary Rules is to protect the client, but argues that the disqualification rule also operates to prevent prejudice to the opposing party. Contex asserts that courts have held disqualification proper even where the opposing party does not plan to call her counsel as a witness if the movant for disqualification can show prejudice. The Texas cases Contex cites in support of this proposition mention prejudice but are factually distinguishable. *See May v. Crofts*, 868 S.W.2d 397 (Tex.App.—Texarkana 1993, no writ); *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416 (1996).

*May v. Crofts*, 868 S.W.2d 397 (Tex.App.—Texarkana 1993, no writ), involved a motion to disqualify an attorney the opposing side intended to call as a witness. The court found that relator offered no evidence what the opposing attorney would testify to or that he was a necessary witness. *Id.* at 399. Thus, the court could find no prejudice to the relator and overruled the petition for writ of mandamus. *Id.*

*May* is distinguishable from the present case in that the movant for disqualification in *May* intended to call the opposing attorney as a witness. The comments to Rule 3.08 address such a situation. Comment 10 provides that a motion for disqualification should not be used as a tactical weapon to deprive

the opposing party of its right to represented by counsel of choice. TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08, Comment 10 (1994). To illustrate when disqualification would subvert the purpose of the rule, the comment describes a situation in which a lawyer seeks to disqualify an opposing attorney by unnecessarily calling that attorney as a witness. TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08, Comment 10 (1994). By finding the attorney was not a necessary witness, the *May* court held, as described in Comment 10, there could be no prejudice to relator.

In discussing prejudice, the *May* court cited (*Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex.1990)). *Ayres*, however, refers to Comment 4 to Rule 3.08, which explains that prejudice to the opposing party can occur "[i]f the lawyer's testimony pertains to contested or controversial matters...." TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08, Comment 4 (1994). This comment further states:

A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08, Comment 4 (1994).

The second Texas case cited by Contex is factually distinguishable and inapplicable to the situation before us. In *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416 (1996), the court upheld the trial court's refusal to disqualify an attorney who was to serve as a witness but who was not serving as attorney during trial. The court merely reiterated the purpose of Rule 3.08 and found no violation where the testifying attorney participated in pretrial activities, but did not act as advocate before the tribunal. *Id.* at 422–23.

Although the cases cited by Contex indicate Texas courts apply Rule 3.08 in disquali-

fication proceedings, they do not support disqualification where the attorney will not take the witness stand. We have located no Texas authority supporting disqualification under such circumstances. Given the lack of Texas case law, Contex now offers cases from other jurisdictions in support of the trial court's order disqualifying Militello. A review of these cases reveals that other jurisdictions recognize an "unsworn witness" rule. *United States v. Cunningham*, 672 F.2d 1064 (2d Cir.1982); *People v. Paperno*, 54 N.Y.2d 294, 445 N.Y.S.2d 119, 429 N.E.2d 797 (1981); *Roby v. State*, 587 P.2d 641 (Wyo.1978). Texas, however, has not recognized this rule and we decline to do so here.

The order in the instant case does not state the grounds for disqualification of Militello, but the record of the hearing on the motion to disqualify shows that the respondent found there would be prejudice to Contex if Militello was not disqualified. Our review of the record reveals no evidence of actual prejudice to Contex. Instead, Contex merely presented evidence that Militello was the lead attorney. The evidence showed that other attorneys were primarily responsible for working with expert witnesses. Thus, testimony from Militello would be cumulative. The trial court apparently focused on Militello's status as lead attorney:

The Court: Who was the lead attorney?

Ms. Militello: I was the lead lawyer, your Honor, but that's not the rules for disqualification—

The Court: No, the question is whether or not you are essential. Your testimony is going to be essential to establish certain points for your client.

We find Militello's status as lead attorney insufficient to support disqualification. The client has agreed not to call Militello as a witness. Certainly, if Contex were to call Militello as a witness, they should not be heard to complain. *See* TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 3.08, Comment 10 (1994).

Although there is the risk that Militello may be tempted to offer unsworn testimony by her examination of witnesses and in her argument, we do not find any showing of actual prejudice or a substantial likelihood of actual prejudice to Contex. Absent Texas case authority supporting disqualification where the attorney will not take the witness stand, the respondent abused his discretion in disqualifying Militello.

■ Relator also claims Contex waived its right to seek disqualification by waiting over two years to move to disqualify Militello. Relator asserts the delay in filing a motion to disqualify Militello indicates the motion was a mere tactical ploy to deprive relator of her counsel of choice.

The record shows the parties were aware of the possibility that at least some of relator's attorneys had knowledge of the underlying dispute and might serve as witnesses at trial. The record contains a Rule 11 agreement, signed by attorneys for both parties (Ms. Militello and Mr. O'Shea), regarding the filing of a motion to withdraw and designation of lead counsel, as well as any opposition that might be filed to such a motion. In that agreement, Militello agreed to postpone filing this motion, although she had designated herself as lead counsel, until Contex had the opportunity to depose relator's other counsel, Ed Friedman. Militello further agreed that, in the event Contex opposed the motion to withdraw, neither party would raise delay in the filing of this motion or in raising opposition to it as grounds for their respective positions.

■ Contex responds that, while it was aware of a potential problem at that time, it was not convinced of a conflict until relator filed its third amended original answer and counterclaims in February 1996. In that pleading, relator stated that, "[i]n reliance upon these promises/representations by Lamar, Schwartz *and her attorneys* did not undertake to perform any of these tasks." (emphasis added). Because Contex asserts this pleading raises a fact question regarding waiver, Contex reasons that mandamus is inappropriate to the issue of waiver. We

agree. An appellate court has no authority to resolve issues of fact in an original proceeding. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990). Therefore, we decline to address the issue of waiver.

We conditionally grant the writ of mandamus. The writ will only issue if the respondent refuses to vacate his April 30, 1996 order granting the motion to disqualify.