**In re Leon RANGEL and Juanita Rangel.**

**No. 10-01-107-CV.**

Court of Appeals of Texas, Waco.

May 23, 2001.

Aubrey R. Williams, Robin E. Baird, Montez, Williams & Baird, P.C., Waco, for appellant.

Mel D. Bailey, Todd H. Ramsey, Dehay & Elliston, L.L.P., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

This is an original mandamus proceeding. Leon and Juanita Rangel ("Relators") allege that the judge of the 74th District Court of McLennan County ("Respondent") abused his discretion in granting a Motion to Stay Litigation, thereby enforcing a contractual arbitration clause. Finding that Respondent did not abuse his discretion, we will deny Relators' petition.

## BACKGROUND

In April 1994 Roy Freeman, an employee of Orkin Exterminating Company, Inc. ("Orkin"), visited with the Rangels concerning a termite problem in their home. As a result of the meeting, Leon signed a Limited Lifetime Subterranean Termite Agreement ("contract") with Orkin, which contained an arbitration provision.

On February 24, 1999, after discovering that their home was infested with termites, the Rangels sued for negligence, deceptive trade practices, and breach of warranty.

On March 26, 1999, Orkin filed a general denial and asserted, among other things, that the Rangels were bound by the contractual arbitration provision. Based on the contract and the Federal Arbitration Act, Orkin also filed a Motion to Stay Litigation requesting that the litigation be stayed, the matter be referred to mediation, and should mediation be unsuccessful, the matter be referred to binding arbitration.

By Order dated April 4, 2001, Respondent granted the motion.

## DISCUSSION

Relators contend that the arbitration provision relied upon by Orkin is void due to procedural unconscionability. Additionally, they say Juanita is not bound by the arbitration provision because she did not sign the contract and is not a party to it.

The parties do not dispute that the Federal Arbitration Act ("FAA") applies. Therefore, this proceeding is properly before us. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992) (orig.proceeding) (if the FAA applies, review of a grant or denial of a motion for arbitration is by a writ of mandamus).

██ "Mandamus [is available] only to correct a clear abuse of discretion or the violation of a duty imposed by law when

there is no other adequate remedy by law." *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding); *In re Conseco Finance Servicing Corp.,* 19 S.W.3d 562, 568 (Tex.App.—Waco 2000, orig. proceeding). When the trial court's decision rests on the resolution of factual issues or matters committed to the court's discretion, "[t]he relator must establish that the trial court could reasonably have reached only one decision." *Walker,* 827 S.W.2d at 839–40. If the trial court has held an evidentiary hearing and has resolved disputed issues of fact, we may not substitute our judgment on the facts for that of the trial court. *Id.* at 839. Thus, if the enforceability of the arbitration agreement was properly challenged and the court resolved disputed facts in route to determining that issue, we may disturb his decision only if it was "arbitrary and unreasonable." *Id.* at 840.

■ A review of a trial court's determination of the legal principles controlling its ruling, however, is much less deferential. *In re Conseco,* 19 S.W.3d at 568. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker,* 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in reversal by the extraordinary writ. *Id.; In re Monsanto Co.,* 998 S.W.2d 917, 922 (Tex.App.—Waco 1999, orig. proceeding).

■ Unconscionability has both procedural and substantive aspects. *Pony Express Courier Corp. v. Morris,* 921 S.W.2d 817, 821 (Tex.App.—San Antonio 1996, no writ). Substantive unconscionability relates to the "legitimate commercial reasons justifying the terms of the contract." *In re Turner Bros. Trucking Co., Inc.,* 8 S.W.3d 370, 376 (Tex.App.—Texarkana 1999, orig. proceeding). Substantive unconscionability is concerned with the fairness of the resulting agreement. *Pony Express,* 921 S.W.2d at 821. As a question of contract interpretation, it is a question of law. It is also, however, "a matter which must be submitted to the designated arbitrator." *In re Conseco,* 19 S.W.3d at 569–70 (citing *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 n. 3 (Tex.1999) (orig.proceeding)).

■ On the other hand, procedural unconscionability relates to the actual making or inducement of the contract. *In re Foster Mold, Inc.,* 979 S.W.2d 665, 667–68 (Tex.App.—El Paso 1998, orig. proceeding). This form of unconscionability addresses "how ... the parties arrive[d] at the terms of the contract." *In re Turner Bros.,* 8 S.W.3d at 376. The focus is on the facts surrounding the bargaining process. *Pony Express,* 921 S.W.2d at 821. Claims of procedural unconscionability are reserved for judicial review. *In re Oakwood Mobile Homes,* 987 S.W.2d at 575 n. 3. These claims are considered on a case-by-case basis. *Pony Express,* 921 S.W.2d at 821. The party contesting the contractual arbitration provision has the burden to show procedural unconscionability. *Smith v. H.E. Butt Grocery Co.,* 18 S.W.3d 910, 912 (Tex.App.—Beaumont 2000, pet. denied) (citing *In re Oakwood Mobile Homes,* 987 S.W.2d at 573).

In support of their claim of procedural unconscionability, Relators point out that at the time Leon signed the contract, he was 75 years old, had never attended school, was functionally illiterate, and was hard of hearing. With regard to Juanita, Relators first note that she did not sign the contract. At the time her husband signed the contract, Juanita was 70 years of age, had attended only six years of school, and also had very poor reading skills. Both claim that they did not read the arbitration provision, they were in any event unable to read it, and the arbitration

provision was never mentioned or explained to them.

■ Orkin does not contest that procedural unconscionability is available as a defense; it argues that Respondent correctly determined that the facts do not support such a finding in this case. The evidence before the court at the hearing on Orkin's motion to compel arbitration shows that at no time did the Relators ask any questions regarding, or request any explanations of, the contract. Relators never gave the impression they did not understand the contract. They never indicated they were uneducated or could not read the contract themselves. The arbitration provision in the contract was never hidden from the Relators, and they had the opportunity to read and reject the terms of the contract within three business days. After the meeting with the Orkin representative, a copy of the contract was left with Relators. There was no evidence that the Orkin representative concealed or misstated the existence or terms of the arbitration provision.

Based on this record, we cannot say that the trial judge abused his discretion when he determined that the facts do not support the defense of procedural unconscionability. *Walker*, 827 S.W.2d at 839–40; *Pony Express*, 921 S.W.2d at 821.

As an additional claim, Relators cite to *Conseco* for the proposition that, because she did not sign the contract and is not a party to it, Juanita cannot be ordered to arbitrate her claims. *See In re Conseco*, 19 S.W.3d at 571. However, in *Conseco* the relator failed to offer any argument or authority to compel a non-signing wife to arbitrate a dispute under a contract signed by her husband. *Id.* Because the relator did not offer any argument that the trial court abused its discretion in failing to compel arbitration by the non-signing spouse, we upheld the court's order denying arbitration as to the wife's claims. *Id.*

■ Unlike *Conseco*, Orkin has presented argument and authority to support its contention that Juanita should be bound by the terms of the arbitration provision. Juanita is a third-party beneficiary of Leon's contract with Orkin. *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 520 (Tex.App.—Austin 1998, no pet.); *see also Terminix Int'l Co., L.P. v. Ponzio*, 693 So.2d 104, 109 (Fla.Dist.Ct.App.1997). As a third-party beneficiary, she is bound by the terms of the contract including the arbitration provision. *Nationwide of Bryan*, 969 S.W.2d at 520; *see also Stonewall Ins. Co. v. Modern Exploration Inc.*, 757 S.W.2d 432, 434–35 (Tex.App.—Dallas 1988, no writ) (third-party beneficiary "steps into shoes" of contracting party and is subject to all provisions of contract). Thus, the Respondent did not abuse his discretion when he ordered Juanita to arbitrate her claims along with Leon's claims. *Walker*, 827 S.W.2d at 839.

Having overruled Relators contentions, we deny the petition for a writ of mandamus.