# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.03-01-00589-CV

**Charlie Smith, Appellant**

**v.**

**Gateway, Inc. and Over the Moon Productions, Inc., Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT**
**NO. 99-11483, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

---

Appellant Charlie Smith sued appellees Gateway, Inc. and Over the Moon Productions, Inc. (together AGateway@) for violations of the Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. '' 17.41-.63 (West 2002) (ADTPA@),[1] breach of contract, and breach of settlement agreement, arising from Smith=s purchase of a Gateway computer. The district court ordered the dispute to arbitration and rendered final judgment, based on the arbitrator=s award, that Smith recover from Gateway $3477, interest, and arbitration costs. The judgment also required Smith to return the computer to Gateway. Smith appeals. We will affirm the judgment.

---

[1] Smith alleged violations of the DTPA Alaundry list,@ breach of an express or implied warranty, and unconscionability. *See* Tex. Bus. & Com. Code Ann. '' 17.46, .50(a)(1)-(3) (West 2002).

**FACTUAL BACKGROUND**

In December 1998 Smith purchased a computer from Gateway as a Christmas present for his wife. Although the computer arrived before Christmas, the Smiths waited until March or April 1999 to open and assemble the computer, so their son could connect the components and show Mrs. Smith how to operate the computer. Once assembled, the computer did not operate properly and Acrashed@ repeatedly. Smith contacted Gateway regarding the malfunction. Gateway requested to be allowed to fix the computer.

An on-site service technician came to Smith=s home in June and determined the computer was not working because the power-supply was inadequate. The technician further determined that replacing the power-supply with an identical one would not solve the problem. At about the same time, Smith=s son spoke with Gateway technical support, who agreed to send Smith a Areturn kit,@ so Smith could return the computer. Gateway agreed to refund the computer=s purchase price. Smith alleges that while placing the computer in its original packaging, he noticed for the first time the ALimited Warranty and Terms & Conditions Agreement@ Gateway includes with each product it sells. Smith says he did not read the agreement because Gateway had agreed to refund the computer=s purchase price upon its return.

When Smith did not receive the return kit, he contacted Gateway who then refused to accept the computer or refund Smith=s money. In July Smith=s attorney sent a demand letter to Gateway to comply with the DTPA=s notice requirement. *See* Tex. Bus. & Com. Code Ann. ' 17.505 (consumer must give notice to potential defendant advising of complaint and damages claimed at least sixty days before filing suit). Gateway made no written response.

In October Smith filed suit against Gateway. Gateway moved to dismiss the suit based on an arbitration clause in the agreement, which stated, *inter alia*:

> DISPUTE RESOLUTION:
>
> Any dispute, controversy, or claim arising out of or relating to this Agreement, its interpretation, or the breach, termination or validity thereof, or any related purchase shall be resolved exclusively and finally by arbitration administered by the American Arbitration Association (AAA) under its rules . . . . Any decision rendered in such arbitration proceedings will be final and binding on each of the parties, and judgment may be entered thereon in a court of competent jurisdiction. *The arbitrator shall not award either party special, exemplary, consequential, punitive, incidental or indirect damages, or attorneys= fees and each party irrevocably waives any such right to recover such damages.*

(Emphasis added.) In December the district court denied Gateway=s motion to dismiss, but stayed the proceedings and ordered Smith and Gateway to arbitration.

In August 2000 the parties arbitrated the suit via telephone conference. The arbitrator issued an award in September, concluding that although

> Gateway, Inc.=s . . . attempts to limit the applicability of the Texas Deceptive Trade Practices Act by seeking to contractually limit the arbitrator=s authority to award damages, costs, attorneys= fees as allowed by the Deceptive Trade Practices Act, is contrary to public policy, unenforceable, and not binding upon the parties of the arbitration,

Gateway had not violated the DTPA. The arbitrator awarded Smith $3477, interest, and $100 for his contribution to the arbitration fee. The arbitrator found that each party should pay its own attorney=s fees and expenses.

3

In September the district court rendered a final judgment, confirming the arbitrator=s award. Smith appeals by two issues, contending (1) that the district court erred in enforcing an illegal arbitration agreement, and (2) that the district court erred by referring the matters to arbitration when they were outside the scope of arbitration.

## DISCUSSION

By his first issue, Smith contends that the district court erred in ordering him to arbitrate his dispute because the arbitration agreement was illegal. Smith argues that the arbitration agreement violated the DTPA because it dictated how the arbitrator must rule before the case was arbitrated, thus violating the DTPA=s nonwaiver provision:

> (a) Any waiver by a consumer of the provisions of [the DTPA] is contrary to public policy and is unenforceable and void; provided, however, that a waiver is valid and enforceable if:
>
> (1) the waiver is in writing and is signed by the consumer;
>
> (2) the consumer is not in a significantly disparate bargaining position; and
>
> (3) the consumer is represented by legal counsel in seeking or acquiring the goods or services.

Tex. Bus. & Com. Code Ann. ' 17.42(a).

A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims raised fall within the scope of that agreement. *See Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996). Once the party establishes a claim within the arbitration

4

agreement, the trial court must compel arbitration and stay its own proceedings. *Id*. Gateway established that an arbitration agreement existed between the parties. The burden then shifted to Smith to present evidence that the agreement with Gateway was procured in an unconscionable manner, induced or procured by fraud or duress, or that Gateway had waived arbitration. *See Weekley Homes, Inc. v. Jennings*, 936 S.W.2d 16, 18 (Tex. App.CSan Antonio 1996, writ denied).

In resisting arbitration, Smith argued in the district court that the agreement was Aunconscionable and unenforceable,@ as well as illegal. On appeal Smith limits his contention to the illegality of the agreement. Smith argues that illegality and unconscionability are different defenses and that illegality of the agreement should be determined by a trial court and not an arbitrator. The Federal Arbitration Act, 9 U.S.C. '' 1-307 (2000), applies to all suits in state and federal court when the dispute concerns a Acontract evidencing a transaction involving commerce.@ *Perry v. Thomas*, 482 U.S. 483, 489 (1987). In the district court, Gateway asserted that this cause involves interstate commerce. Smith does not dispute this assertion. Therefore, the federal act governs arbitration of this dispute. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 270 n.6 (Tex. 1992).

Section 2 of the federal act provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. ' 2 (2000).

The federal act preempts Aapplication of the nonwaiver provisions of the DTPA to prevent or restrict enforcement of [an] arbitration agreement.@ *Jack B. Anglin*, 842 S.W.2d at 271 (citing *Commerce Park v. Mardian Constr. Co.*, 729 F.2d 334, 338 (5th Cir. 1984)). Therefore, the fact that the arbitrator found that the arbitration clause was in violation of the DTPA did not make the agreement illegal under federal law or unenforceable under Texas law. We hold that the district court did not err in compelling arbitration.

Additionally, for present purposes, we see no material difference between illegality and unconscionability. Although Smith switches terminology from Aunconscionable@ in his petition to Aillegal@ in his brief, he has not altered the substance of his argument. Smith=s complaints are based on the substantive terms of the arbitration agreement that limit the DTPA-damages remedies available to him. He does not complain that the entire contract is illegal.

Unconscionability has two prongs C procedural and substantive. *In re Rangel*, 45 S.W.3d 783, 786 (Tex. App. C Waco 2001, orig. proceeding). Procedural unconscionability relates to the actual making or inducement of the contract. *Id*. Claims of procedural unconscionability are reserved for judicial review. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403-04 (1967) (citing Federal Arbitration Act, ch. 1263, ' 19, 68 Stat.1233 (1954) (current version at 9 U.S.C. ' 4 (2000))); *In re Foster Mold, Inc.*, 979 S.W.2d 665, 667-78 (Tex. App. C El Paso 1998, orig. proceeding). Substantive unconscionability relates to the Alegitimate commercial reasons justifying the terms of the contract.@ *In re Turner Bros. Trucking Co.*, 8 S.W.3d 370, 376 (Tex. App. C Texarkana 1999, orig. proceeding). AWhether the terms and conditions of an arbitration agreement are themselves unconscionable

6

is a matter which must be submitted to the designated arbitrator.@ *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 n.3 (Tex. 1999). Smith is arguing that the terms of the agreement are substantively unconscionable; therefore, we hold it was appropriate for the district court to compel arbitration because the claims of unconscionability were for the arbitrator to decide.

Significantly, the arbitrator found that the terms of the arbitration agreement that limited the remedies available to Smith were indeed unconscionable. Furthermore, the arbitrator found that he was not limited in what he could award Smith. But the arbitrator also found that Gateway had not violated the DTPA. Had Smith prevailed on his DTPA claim, the arbitrator might have awarded him the damages allowed by the DTPA. We overrule issue one.

By his second issue, Smith argues, alternatively, as to whether the provision in the arbitration clause prohibiting the arbitrator from ruling on Aspecial, exemplary, consequential, punitive, incidental, or indirect damages, or attorneys= fees@ deprived the arbitrator of jurisdiction over those issues. If so, Smith contends that the district court erred by referring these matters to arbitration when they were outside the scope of the arbitration agreement. Claims made under the DTPA are arbitrable. *Jack B. Anglin*, 842 S.W.2d at 271. The district court did not err in referring all of Smith=s claims to arbitration. We overrule Smith=s second issue.

## CONCLUSION

We overrule Smith=s issues and affirm the judgment of the district court.

7

                                        Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   July 26, 2002

Do Not Publish