Petition for Writ of Mandamus Conditionally Granted and Majority and
Dissenting Opinions filed September 27, 2002









Petition for Writ of Mandamus Conditionally Granted
and Majority and Dissenting Opinions filed September 27, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00760-CV

____________

 

IN RE ANCHOR, INC., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M A J O R I T Y  O P I
N I O N

In this original proceeding, relator, Anchor, Inc.
(AAnchor@), seeks a writ of mandamus ordering
the trial court to vacate its order of April 18, 2002, which ordered that
Anchor=s counsel, Michael Donovan, be
disqualified from representing Anchor. 
We conditionally grant the writ.

FACTUAL AND PROCEDURAL HISTORY:  








Anchor was working on a construction project for the Diocese
of GalvestonBHouston (Athe Diocese@) at St. Raphael=s Catholic Church.  In March of 1999, Anchor entered into a
subcontract with Wood Electrical Services, Inc. (AWood@). 
Wood contracted to perform electrical services on the project as Anchor=s subcontractor.  A controversy arose between Anchor and
Wood.  Anchor contended Wood was liable
for non-performance and defective performance of the electrical work it
subcontracted to perform.  Anchor alleged
breach of contract, negligence, and violations of the DTPA.  Wood countered that Anchor was liable for
breach of contract or unjust enrichment for non-payment.  

On June 27, 2000, Anchor and Wood entered into a written
agreement by which they agreed to arbitrate any and all disputes relating to
and arising under the original contract. 
In September of 2001, arbitration proceedings were conducted and the
next month an award was made.  A
corrected award was entered soon thereafter in which Wood was awarded
$41,741.39 plus pre- and post-judgment interest.  Wood then filed suit seeking to have the
award confirmed.  Anchor filed a
counterclaim against Wood seeking to have the award vacated or, alternatively,
modified on the grounds that the award was tainted by Avarious improprieties and misconduct
on the part of the arbitrator.@  Wood subsequently
moved to have Anchor=s counsel, Michael Donovan, disqualified from representing
Anchor.  Donovan has represented Anchor
in this suit since its inception, and has been Anchor=s general counsel for several
years.  Anchor naturally opposed the
motion.  After an oral hearing, the trial
court entered an order on April 18, 2002, disqualifying Donovan from representing
Anchor.  Anchor then filed this petition
for writ of mandamus.  

STANDARD OF REVIEW:  








Mandamus is an extraordinary remedy available only in limited
circumstances.  In re FirstMerit Bank,
N.A., 52 S.W.3d 749, 753 (Tex. 2001). 
A court should issue mandamus only to correct a clear abuse of
discretion or the violation of a legal duty when there is no other adequate
remedy at law.  Id.; In re
Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000).         Mandamus
has long been accepted as an appropriate method to review alleged improper
disqualification of counsel.  E.g.,
National Medical Enterp., Inc. v. Godbey, 924 S.W.2d 123, 133 (Tex. 1996)
(orig. proceeding); Schwartz v. Jefferson, 930 S.W.2d 957, 959 (Tex.
App.CHouston [14th Dist.] 1996, orig.
proceeding).  The courts have held
mandamus relief is available because disqualification is a severe remedy
resulting in an immediate and palpable harm that disrupts the trial court
proceedings and deprives a party of the right to have counsel of choice.  Schwartz, 930 S.W.2d at 959.  Thus, because there is no adequate remedy by
appeal, mandamus is available in this case. 
The only remaining issue is whether the trial court clearly abused its
disqualifying Anchor=s counsel.  

A trial court clearly abuses its discretion when it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex.1992).  When the
trial court=s decision rests on the resolution of
factual issues or matters committed to the court=s discretion, A[t]he relator must establish that the
trial court could reasonably have reached only one decision.@ 
In re Rangel, 45 S.W.3d 783, 786 (Tex. App.CWaco 2001, orig. proceeding) (quoting
Walker, 827 S.W.2d at 839-40). 
This burden is a heavy one. Canadian Helicopters, 876 S.W.2d at
305.  If the trial court has held an
evidentiary hearing and has resolved disputed issues of fact, we may not
substitute our judgment on the facts for that of the trial court.  Dallas Morning News v. Fifth Court of
Appeals, 842 S.W.2d 655, 660 (Tex. 1992); Rangel, 45 S.W.3d at 786
(citing Walker, 827 S.W.2d at 839). 
In other words, an appellate court may not deal with disputed matters of
fact in an original mandamus proceeding. 
Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991); Brady
v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990); Shell
Oil Co. v. Smith, 814 S.W.2d 237, 241 (Tex. App.CHouston [14th Dist.] 1991, orig.
proceeding).  

Our review is much less deferential with respect to a trial
court=s determination of the legal
principles controlling its ruling because a trial court has no discretion in
determining what the law is or in applying the law to the facts.  Walker, 827 S.W.2d at 840.  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion and
may result in mandamus. 

RELATOR=S
ARGUMENTS:  








Anchor argues Wood completely failed to provide the proof
necessary to disqualify its counsel. 
Moreover, it contends the trial court failed to apply the proper
standard and legal test in determining the motion to disqualify.  Specifically, Anchor contends, among other
things, that Wood failed to demonstrate any prejudice it would suffer if
Donovan were allowed to continue; rather, Wood=s only suggestion of prejudice
related to that which Anchor might suffer if Donovan were called as a
witness, which is not the proper showing. 

REAL PARTY IN INTEREST=S RESPONSE:  

In response, Wood argues the disqualification is proper
because Donovan voluntarily filed an affidavit in response to a special
appearance filed by the National Arbitration Forum (Athe Forum@), named by Anchor as a third-party
defendant for alleged wrongful acts the Forum performed in administering the
arbitration.  In his affidavit, Donovan
averred that the Forum made several misrepresentations to him through its Code,
advertisements, web-sites, conversations, and other communications.  The misrepresentations included the amount of
fees the Forum would charge and the qualifications of its arbitrators.  According to Wood, in seeking to vacate the
arbitration award and in its third-party claim against the Forum, Anchor
alleges the arbitrator provided by the Forum acted unlawfully, that his actions
were governed by the Forum=s Code, which he violated, and that the Forum failed to
comply with its own Code and over charged Anchor.  According to Wood, these allegations are
based on Donovan=s affidavit in which he testified regarding representations
the forum made to him.  Wood
contends that based on this affidavit, the trial court could have determined
that it should disqualify Donovan because he may be a witness necessary to
establish an essential fact on behalf of Anchor.  In conclusion, Wood points out that there was
no evidence submitted by Anchor that it had consented to Donovan=s representation after full
disclosure pursuant to rule 3.08(b).  Wood
wholly fails to address the argument that it failed to establish any prejudice
it would suffer if Donovan were called as a witness.  

ANALYSIS:  








Disqualification is a severe remedy.  In re Users Sys. Servs., Inc., 22
S.W.2d 331, 337 (Tex. 1999) (citing Spears v. Fourth Court of Appeals,
797 S.W.2d 654, 656 (Tex. 1990); NCNB Tex. Nat=l Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989)); In
re Bahn, 13 S.W.3d 865, 873 (Tex. App.CFort Worth 2000, orig.
proceeding).  Accordingly, the courts
must adhere to an exacting standard when considering motions to disqualify so
as to discourage their use as a dilatory trial tactic.  Id.  In order to prevent such misuse of the rule,
the trial court should require the party seeking disqualification to
demonstrate actual prejudice to itself resulting from the opposing
lawyer=s service in the dual roles. 
Ayres v. Canales, 790 S.W.2d 554, 558 (Tex. 1990) (citing Tex. Disciplinary R. Prof=l Conduct 3.08, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (Vernon
Supp. 2002) (Tex. State Bar. R. art.
X, ' 9)); Bahn, 13 S.W.3d at 873; In
re A.M., 974 S.W.2d 857, 864 (Tex. App.CSan Antonio 1998, no pet.); see
also House v. State, 947 S.W.2d 251, 253 ((Tex. Crim. App. 1997) (applying
actual prejudice in context of criminal case); Gonzalez v. State, 63
S.W.2d 865, 876 (Tex. App.CHouston [14th Dist.] 2001, no pet.) (same) (emphasis added).








In this case, Wood failed to
allege, much less prove, it would suffer actual prejudice as a result of
Donovan testifying as a witness.  In its
motion to disqualify, Wood merely alleged that certain testimony by Donovan
would be Aadverse to Anchor.@  At the hearing, Wood argued that it would
call Donovan as a witness and his testimony would be adverse to Anchor.  Wood never argued that Donovan=s service in the dual roles of advocate-witness would
cause actual prejudice to Wood. 
Anchor specifically pointed out to the trial court that Wood was
required to show the prejudice Wood would suffer if Donovan was called
as a witness and that Wood had failed to do so. 
Despite specific reference to this omission, Wood failed to argue or
prove it would suffer actual prejudice if Donovan were called as a
witness.  Because Wood wholly failed to allege or prove it would suffer actual
prejudice if Donovan were to act as both witness for Wood and counsel for
Anchor, the trial court abused its discretion in granting the motion to
disqualify.[1]  Accordingly, we conditionally grant the
petition for writ of mandamus and order the trial court to vacate its order
disqualifying Donovan.  The writ will
issue only if the trial court refuses to vacate its order of April 18, 2002,
which orders Michael Donovan disqualified as counsel for Anchor.  Given our disposition, it is unnecessary to
address the other grounds raised by Anchor in its petition.  

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Petition
Conditionally Granted and Majority and Dissenting Opinion filed September 27,
2002.

Panel consists of
Justices Hudson, Fowler, and Edelman. 
(Edelman, J., dissenting).  

Publish C Tex.
R. App. P. 47.3(b).








Petition for Writ of Mandamus Conditionally Granted
and Majority and Dissenting Opinions filed September 27, 2002.




 
 
 
 
 
 
 




 

 

 

 

 

In
The

Fourteenth
Court of Appeals

_______________

 

NO. 14-02-00760-CV

_______________

 

IN
RE ANCHOR, INC., Relator

                                                                                                                                               


ORIGINAL PROCEEDING

WRIT OF MANDAMUS

                                                                         
                                                                      

 

D I S S E N T I N G  
O P I N I O N

 

As
the parties= respective motion and response in
the trial court both acknowledge, Anchor seeks to vacate the arbitration award
in this case on the grounds that the arbitrator: denied Anchor an additional
hearing session; unduly rushed Anchor and excluded evidence at the arbitration
hearing; and precluded Anchor from being able to subpoena material witnesses.  It is also undisputed that Donovan was the
lawyer who presented Anchor=s case at the arbitration hearing.  Although Anchor plans to use other witnesses
who were present at the hearing to support its allegations, Wood plans to call
Donovan to testify to refute Anchor=s claims.  As the person who seemingly knows best what
he hoped to accomplish by the things the arbitrator refused to allow him to do,
Donovan unquestionably possesses knowledge to be a, if not the, material
witness in this case.








The
majority opinion concludes that it was an abuse of discretion for the trial
court to disqualify Donovan because Wood failed to show that Donovan=s dual role as advocate and witness
would cause prejudice to Wood.[1]  A testifying attorney is prohibited from
acting as an advocate before the same tribunal. 
Tex. Disciplinary R. Prof=l. Conduct 3.08.  The rationale for this rule is that it may
not be clear to a fact finder whether a statement by an advocate witness should
be taken as proof or as an analysis of the proof.  Anderson Producing Inc. v. Koch Oil Co.,
929 S.W.2d 416, 422 (Tex. 1996).  Therefore, the rule reflects the concern that
an opposing party may be handicapped in challenging the credibility of a
testifying attorney.  Id.








In
this case, the trial court faced the decision whether to allow trial to proceed
with Donovan acting as both an advocate and a material witness whose testimony
could ultimately be favorable to either or both parties.[2]  Although it was obviously impossible to
assess before the trial was conducted just how prejudicial this dual
participation might be to either party,[3]
there could be no question that it would be precisely the situation that rule
3.08 was intended to prohibit, that the potential handicap Wood would face in
challenging Donovan=s credibility could be as great as in any dual participation
case, and that the safer course to avoid the likelihood of a needless retrial
was to disqualify Donovan.[4]  Under these circumstances, I do not believe
the trial court=s decision can be considered an abuse of discretion.  Accordingly, I would overrule Anchor=s petition for writ of  mandamus.

 

 

 

/s/        Richard H. Edelman

Justice

 

Petition Conditionally Granted and Majority and
Dissenting Opinions filed September 27, 2002.

 

Panel consists of
Justices Hudson, Fowler, and Edelman.

Publish C Tex.
R. App. P. 47.3(b).

 

 

 

 











[1]              If
the dissent=s interpretation of rule 3.08 is correct, a party
could disqualify opposing counsel by merely calling him or her as a witness,
or, as in this case, stating an intention to call opposing counsel as a
witness.  This is not the law.  The dissent ignores the supreme court=s mandate that courts, because disqualification is a
severe remedy, adhere to an exacting standard and require the party seeking
disqualification to demonstrate actual prejudice to itself before disqualifying
opposing counsel.  Any less exacting
standard would encourage misuse of the motion to disqualify.  





[1]See, e.g., In re Nitla S.A. de C.V., 45 Tex. Sup. Ct. J. 571, 573, 2002 WL 534089, at *3
(April 11, 2002) (per curiam) (orig. proceeding) (AEven if a lawyer violates a disciplinary rule, the
party requesting disqualification must demonstrate that the opposing lawyer=s conduct caused actual prejudice that requires
disqualification.@).





[2]Once Wood calls Donovan to testify, can there be any
doubt that Anchor will fully avail itself of the opportunity to elicit favorable
testimony from Donovan?





[3]For that matter, where an attorney is also a material
witness, how can the potential prejudice from his dual participation ever
be meaningfully measured before the trial is conducted and the lawyer actually
testifies, is cross-examined, and makes arguments?





[4]Clearly, disqualification should not be used as a
dilatory tactic.  Nitla, 45 Tex.
Sup. Ct. J. at 573.  However, contrary to
footnote 1 of the majority opinion, rule 3.08 does not allow a party to disqualify
an opposing attorney merely by calling him as a witness where the attorney is
not truly a material witness, as Donovan is in this case.  Instead, rule 3.08 prevents the represented
party from gaining an advantage by having its lawyer participate in the trial
as both an advocate and material witness, regardless whether the represented
party calls its lawyer to testify or puts the opposing party in a position of
having to do so.