Petition for Writ of Mandamus Denied and Majority and Dissenting
Opinions filed May 8, 2003









Petition for Writ of Mandamus Denied and Majority and
Dissenting Opinions filed May 8, 2003.




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-01208-CV

____________

 

IN RE REPUBLIC LLOYDS, THOMAS BENO d/b/a
BENO & ASSOCIATES, THOMAS BENO, AND DOUG WALLACE, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M A J O R I T Y   O P I
N I O N

In this original proceeding, relators Republic
Lloyds, Thomas Beno d/b/a Beno & Associates, Thomas Beno, and Doug Wallace,
seek a writ of mandamus ordering the trial court to vacate its order denying
their Motion for Severance, or, alternatively Motion for Separate Trials, and
Motion for Abatement.  We deny the
petition for writ of mandamus.

I.          FACTUAL AND
PROCEDURAL HISTORY








In July of 2002, the real party in interest, James Fuller,
along with Amanda Gonzales, brought suit against relators.  In their petition, Fuller and Gonzales
alleged they submitted a claim to Republic Lloyds under their homeowners policy
for damages to their residence caused by water leaks.  Republic Lloyds assigned the claim to Thomas
Beno & Associates, who, in turn, assigned the claim to Thomas Beno and Doug
Wallace for adjustment.  According to the
petition, Republic Lloyds wrongfully denied the claim.  Fuller and Gonzales specifically alleged
claims against Republic Lloyds for breach of contract, violations of the Texas
Insurance Code, violations of the DTPA, and breach of the duty of good faith
and fair dealing.  The allegations
against Beno & Associates, Thomas Beno, and Doug Wallace were limited to
violations of the Texas Insurance Code.  

After filing an answer asserting a general denial, relators
filed a Motion for Severance, or, alternatively Motion for Separate Trials, and
Motion for Abatement.  In that motion,
relators argued that severance of the breach of contract claim from the
extra-contractual claims is necessary and proper because:  first, more than one cause of action was
asserted, the breach of contract claim is the proper subject of an independent
suit, and the breach of contract claim is not so intertwined with the
extra-contractual claims as to involve the same identical facts and issue;
second, severance is necessary to promote judicial economy and avoid
unnecessary costs and delays; and third, severance is necessary to avoid the
possibility of irreconcilable conflicts between the interests of the parties.  Fuller and Gonzales filed a response to the motion
in which they argued that severance is not proper or necessary because:  (1) the breach of contract claim and the
extra-contractual claims are not severable and should be tried together; (2)
severance is properly denied when an insurance company has not offered to
settle the entire claim; (3) most of the evidence produced in this litigation
will be admissible on both the breach of contract and extra-contractual claims;
(4) claims made under article 21.55 of the Texas Insurance Code cannot be
severed; and (5) Republic Lloyds, Beno & Associates, Beno, and Wallace
failed to carry the burden of proof to establish their entitlement to
severance.  








An oral hearing was held on November 8, 2002.  At the hearing, relators argued that a
settlement offer had been made on the entire breach of contract claim.  In support of this argument, relators offered
into evidence a Sworn Statement in Proof of Loss executed by Fuller and Gonzales
and a check issued by relators for the full amount referenced on the sworn
statement.  In response, Fuller and
Gonzales argued that the check covered only the undisputed plumbing leak claim,
not the foundation damage claim, and thus, relators had not made an offer to
settle the entire claim.  On November 11,
2002, the trial court signed an order denying the motion for severance.  Relators sought relief by filing this
petition for writ of mandamus.  




II.        RELATORS= ARGUMENTS

In this proceeding, relators argue the trial court abused its
discretion in refusing to sever the breach of contract claim from the
extra-contractual claims.  Relators
contend they are entitled to mandamus relief because when an insured asserts a
claim for breach of contract and extra-contractual claims for unfair settlement
practices and the insurer has offered to settle the disputed contract claim,
the trial court abuses its discretion by refusing to sever.  Relators point out that they issued a check
to Fuller and Gonzales for the full amount of the breach of contract claim as
shown by the Sworn Statement in Proof of Loss. 
Relators argue the unambiguous language in the sworn statement
establishes that the settlement offer covered the entire claim.  Moreover, even if relators dispute that the
foundation damage was covered by the policy, it would not prevent them from
tendering a check in settlement of the entire claim, including the disputed
portion.  

III.       REAL PARTY IN
INTEREST=S RESPONSE

In response to the arguments by relators, Fuller[1]
contends severance is not required because relators did not offer to settle the
entire breach of contract claim.  In the
absence of a settlement offer on the entire claim, Fuller argues, severance is
not required.  As to relators= argument that the sworn statement
and the check prove an offer of settlement on the entire contract claim, Fuller
claims these documents, at best, raise a fact issue.  Because factual disputes are within the trial
court=s discretion, he argues, mandamus is
inappropriate.  








IV.       STANDARD OF
REVIEW

Mandamus is an extraordinary remedy available only in limited
circumstances.  In re FirstMerit Bank,
N.A., 52 S.W.3d 749, 753 (Tex. 2001). 
A court should issue mandamus only to correct a clear abuse of
discretion or the violation of a legal duty when there is no other adequate
remedy at law.  Id.; In re
Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000). The courts of this state
have recognized that appeal is inadequate to correct a trial court=s erroneous refusal to grant a
severance when an insurer proves it will be unduly prejudiced by such
refusal.  See, e.g., Liberty Nat’l
Fire Ins. Co. v. Akin, 927 S.W.2d 627, 628 (Tex. 1996); State Farm Mut.
Automobile Ins. Co. v. Wilborn, 835 S.W.2d 260, 261 (Tex. App.CHouston [14th Dist.] 1992, orig.
proceeding).  Thus, in this case, we need
only determine whether the trial court clearly abused its discretion.  

A trial court clearly abuses its discretion when it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).  When
the trial court=s decision rests on the resolution of factual issues or
matters committed to the court=s discretion, “[t]he relator must establish that the trial
court could reasonably have reached only one decision.”  In re Rangel, 45 S.W.3d 783, 786 (Tex.
App.CWaco 2001, orig. proceeding) (quoting
Walker, 827 S.W.2d at 839B40). 
This burden is a heavy one.  Canadian Helicopters, 876 S.W.2d 304, 305
(Tex. 1994).  If the trial court has held
an evidentiary hearing and has resolved disputed issues of fact, we may not
substitute our judgment on the facts for that of the trial court.  Dallas Morning News v. Fifth Court of
Appeals, 842 S.W.2d 655, 660 (Tex. 1992); Rangel, 45 S.W.3d at 786
(citing Walker, 827 S.W.2d at 839). 
In other words, an appellate court may not deal with disputed matters of
fact in an original mandamus proceeding. 
Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991); Brady
v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990); Shell
Oil Co. v. Smith, 814 S.W.2d 237, 241 (Tex. App.CHouston [14th Dist.] 1991, orig.
proceeding).  








On the other hand, our review of a trial court=s determination of the legal
principles controlling its ruling is much less deferential.  Walker, 827 S.W.2d at 840.  A trial court has no “discretion” in
determining what the law is or applying the law to the facts.  Id. 
Thus, a clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion, and may result in the
issuance of an extraordinary writ.  Id.  

V.        APPLICABLE LAW

Insurance coverage claims and bad faith claims, by their
nature, are independent.  Akin,
927 S.W.2d at 629 (citing Viles v. Security Nat=l Ins. Co., 788 S.W.2d 566, 567 (Tex.
1990)).  In most circumstances, however,
an insured may not prevail on a bad faith or other extra-contractual claim
without first proving the insurer breached the contract.  Akin, 927 S.W.2d at 629 (citing Republic
Ins. Co. v. Stoker, 903 S.W.2d 338, 341 (Tex. 1995); Transportation Ins.
Co. v. Moriel, 879 S.W.2d 10, 17 (Tex. 1994)).  Several courts of appeals, including this
court, have held that when the insurer has made an offer to settle the contract
claim, a severance of the tort and contract claims is required to avoid undue
prejudice to the insurer in its defense of the coverage dispute.  See e.g., Mid-Century Ins. Co. v. Lerner,
901 S.W.2d 749, 752B53 (Tex. App.CHouston [14th Dist.] 1995, orig. proceeding); Northwestern
Nat=l Lloyds Ins. Co. v. Caldwell, 862 S.W.2d 44, 46B47 (Tex. App.CHouston [14th Dist.] 1993, orig.
proceeding); F.A. Richard & Assocs. v. Millard, 856 S.W.2d 765, 767
(Tex. App.CHouston [1st Dist.] 1993, orig.
proceeding); State Farm Mut. Automobile Ins. Co. v. Wilborn, 835 S.W.2d
260, 262 (Tex. App.CHouston [14th Dist.] 1992, orig. proceeding).  The rationale of these cases is that,
ordinarily, offers of settlement of a coverage dispute are inadmissible on the
contract claim, but may nevertheless be admissible on the tort claims to rebut
evidence of bad faith.  Akin, 927
S.W.2d at 629.  In Akin, the
supreme court specifically concurred with these decisions. 927 S.W.2d at
630.  








Severance of claims under the Texas Rules of Civil Procedure
rests within the sound discretion of the trial court.  Id. at 629 (citing Guaranty Fed.
Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990); Hamilton
v. Hamilton, 154 Tex. 511, 280 S.W.2d 588, 591 (1955); Tex. R. Civ. P. 41).  The supreme court has concluded that a trial
court properly severs a claim when:  (1)
the controversy involves more than one cause of action; (2) the severed claim
is one that could be asserted independently in a separate suit; and (3) the
severed actions are not so interwoven with the other claims that they involve
the same facts and issues.  Guaranty
Fed., 793 S.W.2d at 658.  

In Akin, the supreme court held that severance may be
necessary in some bad faith cases.  The
court specifically noted that an insurer would be unfairly prejudiced if the
breach of contract and extra-contractual claims were tried together when the
insurer has made a settlement offer on the disputed contract claim.  Akin, 927 S.W.2d at 630.  Thus, pursuant to Akin, a severance is
required when the insurer has made a settlement offer on the entire breach of
contract claim.  927 S.W.2d at 630.  

VI.       ANALYSIS

In this case, relators contend the trial court abused its
discretion in denying their motion to sever because they made an offer to
settle the entire breach of contract claim. 
In support of this contention, relators offered into evidence the Sworn
Statement in Proof of Loss filed by Fuller and Gonzales and the check allegedly
tendered for the full amount stated in the Proof of Loss.  Fuller contends the offer to settle was not
for the entire breach of contract claim; rather, it was merely an offer to
settle the undisputed portion of the coverage claim, i.e., the plumbing
damage.  As to the sworn statement and
check, Fuller argues these documents merely raise a fact issue and, therefore,
mandamus is inappropriate.  Thus, to
determine whether the trial court abused its discretion, we must determine the
effect of the Sworn Statement in Proof of Loss. 









The purpose of a proof of loss is to advise the insurer of
facts surrounding the loss for which a claim is being made, and to afford the
insurer an adequate opportunity to investigate, to prevent fraud, and to form
an intelligent estimate of its rights and liabilities.  Great Central Ins. Co. v. Cook, 422
S.W.2d 801, 806 (Tex. Civ. App.CDallas 1967, no writ); 13 Couch
on Insurance ' 186:22 (3d ed. 2003). 
Statements made in proofs of loss are not conclusive as to the claimant,
provided they were made in good faith and without an intent or attempt to
defraud the insurer.  Cook, 422
S.W.2d at 806; 13 Couch on Insurance ' 197:14 (3d ed. 2003); see Supreme
Lodge, K. of P. v. Beck, 181 U.S. 49, 55, 21 S. Ct. 532, 534, 45 L. Ed. 741
(1901) (holding that statements in proof of loss are not conclusive; claimant
could explain statements); Stevens v. State Farm Fire and Cas. Co., 929
S.W.2d 665, 673 (Tex. App.CTexarkana 1996, no writ) (rejecting insurer’s argument that
proof of loss formed contract between insurer and insured and prevented insurer
from taking inconsistent position between “contract” and later assertations); Tompkins
v. Southern Lloyds Ins. Co., 515 S.W.2d 395, 396 (Tex. Civ. App.CEastland 1974, writ ref=d n.r.e.) (holding that proof of loss
is not evidence of extent of loss and insured is not precluded from showing his
damages were greater than shown in proof of loss).  It follows, therefore, that mere mistakes or
bona fide errors in a proof of loss may be corrected unless the insurer has
acted upon the proofs in such a way that to permit correction would be
inequitable.  Cook, 422 S.W.2d at
806; 13 Couch on Insurance ' 197:14 (3d ed. 2003).  Thus, because statements in the proof of loss
are merely prima facie evidence and not conclusive, the statements may be shown
to have been an honest mistake or may be otherwise contradicted or
explained.  13 Couch on Insurance ' 197:14 (3d ed. 2003).  

Here, relators presented the Sworn Statement in Proof of Loss
and the check as conclusive evidence that they had offered to settle the
entire breach of contract claim.  Fuller,
on the other hand, argued that the statement and the check were merely for the
undisputed portion of the breach of contract claim, i.e., the plumbing
damage.  According to Fuller, there was
no offer on the disputed portion of the breach of contract claim, i.e., the
foundation damage, and therefore, no offer to settle the entire dispute.  

Relators have the burden of showing
that the trial court clearly abused its discretion. Canadian Helicopters, 876 S.W.2d at 305. At the evidentiary
hearing, relators did not introduce any testimonial evidence, and they only
introduced the proof of loss dated January  8, 2001 and a copy of a
check dated August 15, 2000.  There is no
cover letter showing when or if this check was tendered to the real parties in
interest. There is no evidence in the record showing that this check was
tendered in response to the proof of claim, which is dated almost five months
after the check was issued. Further, the check does not contain any release
language or indicate that it is payment in full for the real party in interests= claim. 








Given that a proof of loss is not conclusive as to the
insured, and may be corrected or explained, as Fuller did here, and given the
inconclusive nature of the proof regarding relators= offer to settle, we cannot say that
relators conclusively proved they offered to settle the entire claim as
required by Akin.  Furthermore,
relators failed to establish any other compelling circumstances that would
entitle them to a severance and abatement. 
See Akin, 927 S.W.2d at 630.   

VII.     CONCLUSION

Accordingly, we hold the trial court did not clearly abuse
its discretion in refusing to grant relators= Motion for Severance, or,
alternatively Motion for Separate Trials, and Motion for Abatement.  We order the stay imposed by our order of
December 16, 2002, lifted, and deny the petition for writ of mandamus.  

 

/s/        John S. Anderson

Justice

 

 

 

 

Petition for Writ of Mandamus Denied and Majority and
Dissenting Opinions filed May 8, 2003.

 

Panel consists of
Justices Yates, Anderson, and Frost (Yates, J. dissenting).

 











[1]              While
Amanda Gonzalez was a party to the suit filed against relators, she is not
listed as a real party in interest in this proceeding.